**NORTH AMERICAN VAN LINES, INC.,**
**Plaintiff,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants,**
**Trans-American Van Service, Inc.,**
**Intervening Defendant.**

**Civ. No. 1420.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

May 31, 1963.

Martin A. Weissert and G. Zan Golden, Fort Wayne, Ind., for plaintiff.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., and John H. D. Wigger, Department of Justice, Washington, D. C., for defendant United States.

Francis A. Silver, Associate General Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Warren G. Sunday, Auburn, Ind., and John C. Bradley, Washington, D. C., for intervening defendant Trans-American Van Service, Inc.

KNOCH, Circuit Judge, GRANT, Chief District Judge, and ESCHBACH, District Judge.

ESCHBACH, District Judge.

This is an action to enjoin, annul, and set aside a decision and order issued by the Interstate Commerce Commission, Division 1, dated November 27, 1962, granting a certificate of public convenience and necessity to Trans-American Van Service, Inc., intervening defendant herein, authorizing it to operate in interstate or foreign commerce as a common carrier by motor vehicle of uncrated pianos from Bluffton, Indiana, to all points in the United States over irregular routes, with certain specified exceptions, and denying the application of North American Van Lines, Inc., plaintiff herein, for similar authority. A temporary restraining order was issued on January 4, 1963, and was superseded on January 23, 1963, by a preliminary injunction enjoining the Commission from executing, enforcing, or placing into operation the assailed decision and order and from issuing a certificate of public convenience and necessity to the intervening defendant herein.

A three-judge court was designated by the Chief Judge of the United States Court of Appeals for the Seventh Circuit to hear this action, pursuant to 28 U.S. C.A. § 2284. More specifically, authority for the action and the applicable procedures are §§ 1336, 1398, 2284, and 2321 to 2325, inclusive, of Title 28, United States Code, §§ 17(9) and 305(g) of the Interstate Commerce Act, 49 U.S.C. §§ 17(9) and 305(g), and Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009. Trans-American Van Service, Inc., was granted leave to intervene by

this court pursuant to the provisions of 28 U.S.C. § 2323.

On December 11, 1961, plaintiff herein, a corporation of Fort Wayne, Indiana, filed with the defendant, Interstate Commerce Commission, an application pursuant to § 206(b) of the Interstate Commerce Act, 49 U.S.C. § 306(b), in which plaintiff sought to obtain a certificate of public convenience and necessity authorizing operation in interstate or foreign commerce as a common carrier by motor vehicle of uncrated pianos from Bluffton, Indiana, to points in the United States over irregular routes. On January 8, 1962, the intervening defendant, Trans-American Van Service, Inc., a corporation of Chicago, Illinois, filed an application with the Commission for similar authority, excepting therefrom five designated states. By order dated March 23, 1962, the applications of both plaintiff and intervening defendant were assigned for hearing at the same time and place and before the same examiner, and the two applications were heard on a consolidated record without objection. Thereafter, on August 21, 1962, the examiner served his recommended report and order on the parties. As to the application of plaintiff herein, the examiner found that public convenience and necessity had not been shown for the proposed service and recommended the denial of plaintiff's application. As to the intervening defendant, the examiner found that public convenience and necessity required the proposed operations to all points, with the designated exceptions. Plaintiff herein filed its exceptions to the recommended report and order, and on November 27, 1962, the Commission, Division 1, found that the exceptions and reply raised no new or material matters of fact or law not adequately considered and properly disposed of by the examiner in his report, and that they were not of such a nature as to require issuance of a report by Division 1 discussing the evidence. It further found that the evidence, considered in the light of the exceptions and the reply thereto, did not warrant a result different from that reached by the examiner and that the findings and conclusions were proper and correct in all material respects. The findings and conclusions were adopted by the Commission as its own. The Commission ordered the issuance of a certificate to the intervening defendant as recommended by the examiner, but the certificate has not been issued by reason of the preliminary injunction issued by this court.

 It is abundantly clear that the issue of public convenience and necessity is a matter peculiarly requiring the exercise of the Interstate Commerce Commission's expert judgment in the field of transportation. Interstate Commerce Act § 207(a), 49 U.S.C.A. § 307(a). In the consideration of applications such as those of the plaintiff and intervening defendant herein, the Commission is not merely making a finding with respect to the existence of certain facts, but is exercising an expert judgment or discretion with respect to a transportation question. This court cannot, except under certain limited conditions, usurp the administrative functions of the Commission by setting aside its lawful orders upon this court's conception of whether the administrative power has been wisely exercised. Interstate Commerce Act, § 201 et seq. 49 U.S.C.A. § 301 et seq. Clearly, public convenience and necessity is not an issue resolved with mathematical precision, and it was the purpose of Congress to leave to the Commission the questions of whether additional motor service would serve, under certain circumstances, public convenience and necessity. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051 (1945). The function of the Commission is not restricted to an evaluation of the facts, but it is the duty of that body to bring to bear upon the problem an expert judgment and to determine on which side of the controversy the public interest lies. United States v. Detroit and Cleveland Navigation Company, 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38 (1945). It is now well settled that the function of this court is limited to ascertaining whether there is warrant in the law and the facts

for what the Commission has done. Unless this court should find that there has been some prejudicial departure from the requirements of the law or an abuse of the Commission's discretion, this court is without power to intervene. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946). If the essential findings of the Commission are supported by evidence, this court should decline to substitute inferences of its own for those drawn by the Commission. Lang Transportation Corporation, et al. v. United States, et al., 75 F.Supp. 915 (D.C.S.D.Cal.1948). Accepting these well-settled guide lines of the limited extent of this court's judicial review, there are but two basic questions presented by the instant action: (1) Whether there is sanction in the law and the facts for the decision of the Commission and (2) whether the Commission's action in adopting the findings, conclusions, and recommendation of the hearing examiner meets the requirements of the Administrative Procedure Act.

■ As to the first question presented, our review must of necessity rest upon the record before the Commission. From this record, it appears that the intervening defendant has been serving the shipper almost twenty-eight (28) years and that it now holds authority to transport pianos between the shipper's plant at Bluffton, Indiana, and points in five states, as well as authority to transport pianos between Chicago, Illinois, and all points in the United States. Thus, the intervening defendant, by combining these authorities, can transport pianos from Bluffton, Indiana, to all points in the continental United States. However, shipments moving from Bluffton to all points other than the five designated states must move through Chicago, which involves almost three hundred twenty (320) miles of circuitous operations. By virtue of the destination involved, by far the greatest volume of the shipments handled by the intervening defendant have been routed through Chicago. Obviously, the original application of the intervening defendant was intended to eliminate the circuitous route through Chicago. The only witness before the examiner on behalf of the shipper testified that the service of the intervening defendant had been unsatisfactory on six occasions during 1961. However, the same witness conceded that the elimination of the circuitous route through Chicago would be helpful in eliminating the delays in service, and he supported the application of the intervening defendant, as well as the application of the plaintiff herein. It was uncontradicted at the hearing that the intervening defendant offers the only uncrated motor carrier service available to the shipper and that shipper's production and sales have been expanding and undoubtedly will continue to expand, although no specific future rate of growth was indicated. Shortly prior to the Commission's original hearing, the shipper's traffic manager wrote the intervening defendant and expressed shipper's appreciation for the "good service" which had been provided. Only about one-eighth ($\frac{1}{8}$) of the shipper's estimated annual shipments of from two thousand (2,000) to two thousand five hundred (2,500) are shipped uncrated. The shipper desires additional uncrated transportation service. The intervening defendant has recently purchased additional transportation equipment of a type suitable for the movement of uncrated pianos. It is sufficient to note, without detailing the evidence, that plaintiff is likewise well qualified to handle the shipper's transportation of uncrated pianos.

At the hearing, neither plaintiff nor intervening defendant objected to the granting of both applications, but it was stipulated that each would remain a protestant to the other's application in order to preserve its rights to object and take exceptions in the event the examiner should determine that only one carrier was needed. Upon a consideration of the record as a whole, it is clear that there was sufficient warrant in the evidence for the examiner's findings which were adopted by the Commission. Whether this court would likewise find upon the same evidence is a question not open for

review. It is sufficient that the Commission's action is supported by substantial evidence in the record.

In regard to the second question presented, plaintiff contends that the Commission acted without observance of the procedure required by law in that it failed to make findings and conclusions, with supporting reasons, upon all material issues of fact, law, or discretion and failed to rule on each of plaintiff's exceptions. In advocating these alleged failures on the part of the Commission, plaintiff relies upon Section 8(b) of the Administrative Procedure Act, 5 U.S. C.A. § 1007(b). It takes but the most cursory examination of the examiner's report for this court to determine the exact basis and reasons for the recommendation of the examiner. The report amply reviews the evidence, sets forth detailed findings of fact, and in all other respects complies with the requirements of the Administrative Procedure Act. While it may be true that the examiner's report could have discussed the evidence in greater detail or could have expanded the findings of fact, this is certainly not required where the report contains findings which apprise this court of the essential basis of the Commission's decision. United States v. Pierce Auto Freight Lines, supra; Capital Transit Co. v. United States, 97 F.Supp. 614 (D.D.C.1951); Gilbertville Trucking Company, Inc., v. United States, 196 F. Supp. 351 (D.C.D.Mass.1961), reversed in part on other grounds 371 U.S. 115, 83 S.Ct. 217, 9 L.Ed.2d 177. Clearly the examiner was under the duty to include a statement within his report as required in Section 8(b) of the Administrative Procedure Act, and having complied, it was permissible for the Commission to affirm and adopt the examiner's report as it did. City of Philadelphia v. United States, 197 F.Supp. 832 (D.C.E.D.Pa. 1961); Yale Transport Corp. v. United States, 210 F.Supp. 862 (D.C.S.D.N.Y. 1962). The Commission's order of November 27, 1962 contained the finding "that the statement of facts, the conclu-

sions and the findings of the examiner, being proper and correct in all material respects should be, and they are hereby, affirmed and adopted as our own." It doubtlessly could have paraphrased the fact findings and conclusions of the examiner, but where it found them correct in all respects, there was nothing to be gained by so doing. Having expressly adopted these matters from the examiner's report, this court was apprised of the essential basis of the Commission's decision.

Section 8(b) of the Administrative Procedure Act also provided in part as follows:

"Prior to each recommended, initial, or tentative decision, or decision upon agency review of the decision of subordinate officers the parties shall be afforded a reasonable opportunity to submit for the consideration of the officers participating in such decisions (1) proposed findings and conclusions, or (2) exceptions to the decisions or recommended decisions of subordinate officers or to tentative agency decisions, and (3) supporting reasons for such exceptions or proposed findings or conclusions. The record shall show the ruling upon each such finding, conclusion, or exception presented. * * * "

As previously noted, plaintiff complains of the alleged failure of the Commission to show the ruling of the Commission on each of plaintiff's exceptions. Plaintiff filed four numbered exceptions to the recommended report of the examiner. That the Commission gave full attention to the plaintiff's exceptions and found them without merit is clear from the Commission's order of November 27, 1962. The relevant portion of that order is as follows:

"Upon consideration of the applications and the record in the above-entitled proceedings, including the consolidated report and recommended orders of the examiner, the exceptions thereto filed by North Ameri-

can * * * and the reply thereto filed by applicant Trans-American * * *;

"*It appearing*, That the exceptions and reply raise no new or material matters of fact or law not adequately considered and properly disposed of by the examiner in his report, and are not of such nature as to require issuance of a report of Division 1 discussing the evidence in the light of such pleadings;

\* \* \* \* \* \*

"Wherefore, and good cause appearing therefor:

"*We find*, That the evidence considered in the light of the exceptions and the reply thereto does not warrant a result different from that reached by the examiner; and that the statement of facts, the conclusions, and the findings of the examiner, being proper and correct in all material respects should be, and they are hereby, affirmed and adopted as our own; and

"*It is ordered*, That said applications except to the extent granted in the consolidated report and recommended orders of the examiner, be, and they are hereby, denied."

It should be noted that the record and findings made, after consideration of the exceptions, adequately establish the basis of the Commission's action. The adoption of the findings and conclusions of the examiner and the above-quoted portion of the Commission's order clearly informed plaintiff of its rulings and position in regard to the exceptions. Further particularity would serve no purpose and is not required by the Act. N. L. R. B. v. State Center Warehouse & Cold Storage Co., 193 F.2d 156 (9th Cir. 1951). The specific requirement of Section 8(b) of the Administrative Procedure Act, here in question, is satisfied if the total decision, including that portion adopted from the examiner's report, sufficiently informed the plaintiff of the disposition of all of its exceptions. N. L. R. B. v. Wichita Television Corporation, 277 F.2d 579 (10th Cir. 1960). We believe the Commission's decision and order of November 27, 1962 adequately informed the plaintiff of the basis of the Commission's decision and the disposition of plaintiff's exceptions.

This court now files herewith and as a part hereof its findings of fact and conclusions of law, and orders as follows:

1. That the decision of the Commission of November 27, 1962 be, and it is hereby, affirmed.

2. That the complaint of the plaintiff should be, and it is hereby, dismissed on its merits.

3. That the preliminary injunction heretofore issued on January 23, 1963 be, and it is hereby, dissolved.