SHENANDOAH VALLEY BROADCASTING, INC.,
ET AL. *v.* AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS.

No. 323. Decided October 21, 1963.

*Ralstone R. Irvine* and *Walter R. Mansfield* for petitioners.

*Arthur H. Dean, William Piel, Jr., Herman Finkelstein* and *Lloyd N. Cutler* for respondent.

PER CURIAM.

In 1950 the District Court for the Southern District of New York entered an amended consent decree in a gov-

ernment Sherman Act suit requiring ASCAP *inter alia* to "grant to any user making written application therefor a non-exclusive license to perform all of the compositions in the ASCAP repertory" subject to a reasonable license fee. On request of petitioners for a license ASCAP refused to fix a fee and, as provided by the amended consent decree, this application was filed for an order to fix a reasonable fee. The District Court found that the consent decree did not require ASCAP to issue the type of license petitioners requested and, therefore, dismissed the application. 208 F. Supp. 896. The petitioners took an appeal to the Court of Appeals and also perfected a direct one to this Court under § 2 of the Expediting Act. 15 U. S. C. § 29. We dismissed the appeal filed here for want of jurisdiction, 371 U. S. 540 (1963). Thereafter, the Court of Appeals dismissed the appeal perfected there, 317 F. 2d 90, on the ground that all appeals are "routed" to this Court by the Expediting Act and this petition brings that question here once again.

The dismissal that we heretofore entered was based on our unexpressed view that the appeal from an ancillary order of this type was not within the Expediting Act. Direct appeals to this Court are authorized by that Act only from final judgments where the United States is a complainant. The purpose of the Act is to expedite litigation of "great and general importance" where the Government is the aggrieved party. See 36 Cong. Rec. 1679 (1903). The controversy which is disposed of by the District Court's order is entirely between private parties and is outside the mainstream of the litigation in which the Government is directly concerned. Compare *Terminal R. R. Assn.* v. *United States,* 266 U. S. 17; *Aluminum Co. of America* v. *United States,* 302 U. S. 230. In these circumstances, and the order being final rather than

interlocutory, we believe that the appeal does lie under 28 U. S. C. § 1291. The petition is therefore granted and the judgment is reversed and the cause remanded to the Court of Appeals for consideration on its merits.

*It is so ordered.*

MR. JUSTICE BLACK acquiesces in the Court's judgment because of the holding in the prior appeal.