BARTONE *v.* UNITED STATES.

No. 337.  Decided October 28, 1963.

*O. B. Cline, Jr.* and *Nicholas J. Capuano* for petitioner.
*Solicitor General Cox* for the United States.

PER CURIAM.

Although there were other questions before the Court
of Appeals, the sole question presented by this petition
is stated as follows:

> "May a United States District Judge orally revoke
> the probation of a Defendant in open court and in
> the presence of the Defendant and his counsel and
> impose a sentence of confinement for a specific period
> of time and thereafter enter a formal written judg-
> ment and commitment in which a larger and longer
> sentence of confinement is imposed and set forth?"

It appears that on September 14, 1962, petitioner and
his counsel appeared in the District Court, at which time

a sentence of confinement of one year was imposed. Subsequently, and in petitioner's absence, the court enlarged the penalty by one day.

The propriety of this enlargement of the sentence, along with other questions, was presented on the appeal to the Court of Appeals, which made no mention of it in its opinion. 317 F. 2d 608. The Court of Appeals did, however, deny a motion of the United States to remand the cause for the purpose of correcting the sentence—relief to which the United States concedes petitioner is entitled.[1] See *Rakes* v. *United States,* 309 F. 2d 686. The only question is whether the error will be corrected here and now or whether petitioner will be remitted to his remedy under Rule 35 of the Federal Rules of Criminal Procedure; and whether petitioner will be advantaged by one procedure or another is not our concern.

This error, in enlarging the sentence in the absence of petitioner, was so plain in light of the requirements of Rule 43[2] that it should have been dealt with by the Court of Appeals, even though it had not been alleged as error.

---

[1] Rule 43 of the Federal Rules of Criminal Procedure provides:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at a reduction of sentence under Rule 35."

[2] *Supra,* note 1.

As seen from our Miscellaneous Docket for 1962, the use of collateral proceedings for relief from *federal* judgments of conviction is considerable:

OCTOBER TERM, 1962.—MISCELLANEOUS DOCKET.

TOTALS.

Federal prisoners:

| | |
|---|---|
| Direct attack...................................... | 109 |
| 28 U. S. C. § 2255................................ | 93 |
| Habeas corpus through federal courts................ | 38 |
| Original habeas corpus (in this Court)............... | 40 |
| Rule 35, Fed. Rules Crim. Proc..................... | 4 |
| | 284 |

Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding. See *Fay* v. *Noia,* 372 U. S. 391. But the situation is different in federal proceedings, over which both the Courts of Appeals and this Court (*McNabb* v. *United States,* 318 U. S. 332) have broad powers of supervision. It is more appropriate, whenever possible, to correct errors reachable by the appeal rather than remit the parties to a new collateral proceeding.

We grant certiorari and reverse the judgment denying correction of the sentence.

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissenting.

Petitioner was convicted of attempting to export munitions of war from the United States to a foreign state without a license in violation of § 414 of the Mutual Security Act of 1954, 68 Stat. 848, as amended, 22 U. S. C. § 1934. This statute provides a maximum penalty of two years' imprisonment and $25,000 fine. Imposition of sen-

tence of confinement was withheld and petitioner was placed on probation for three years and fined $10,000 (later reduced to $7,500). Thereafter, the Probation Officer petitioned the District Court to issue a warrant and revoke petitioner's probation, alleging that petitioner had violated probation by participating in a contract to sell arms to the Republic of Honduras. After hearing, the court revoked the probation and orally sentenced petitioner to one year imprisonment. Bail was denied by the District Court but granted by the Court of Appeals pending petitioner's appeal. Before submission on the merits, the Government called the Court of Appeals' attention to the fact that the sentence was recorded as one year and one day rather than one year only and moved that the case be remanded to correct the sentence. The court denied the motion and thereafter affirmed the case on the merits. Petitioner sought rehearing, suggesting that the Court of Appeals "failed to consider" the sentencing error, which petitioner had not argued "fully." The petition was denied and the case came here on this issue alone.

The Court summarily reverses and directs that the sentence be corrected. I believe that this is error. The petitioner never presented this question to the District Court and that court has not passed upon it. Under Rule 35 of the Federal Rules of Criminal Procedure, an application to correct an illegal sentence may be made to the District Court at any time. In addition, Rule 36, as to clerical errors (which apparently this is), likewise places power in the District Court to make correction. This Court, however, by its action today makes this an appealable error even though it has never been called to the attention of the trial court. The Court has thereby created an additional remedy for obtaining relief from a sentencing error, despite the existence of the adequate relief already provided in Rule 35 or Rule 36 of the Federal Rules of Criminal Procedure. Heretofore, claims

of this nature have been prosecuted in the District Court by motion under Rule 35. The Court's new method of relief not only prevents the District Court from correcting its own error but also delays the final disposition of the case and creates confusion in the administration of justice. I would require petitioner, as the Rules provide, to apply to the District Court.

Moreover, petitioner may not understand the practical effect of the error on his term of prison sentence. Under 18 U. S. C. § 4161, petitioner is allowed six days per month deduction for good behavior if his sentence is a year and a day. Sentence of a year or less permits only five days per month deduction from the term of sentence. In practical effect, under this Court's order, petitioner may have to serve 11 days' additional time. The Court should require petitioner to proceed in the regular way by Rule 35 rather than force him to serve a longer sentence, especially since his petition may result from lack of familiarity with "good behavior" regulations. For these reasons I dissent.