No. 323. SHENANDOAH VALLEY BROADCASTING, INC., ET AL. *v.* AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS. The petition for rehearing is granted and the last sentence of the *per curiam* opinion announced on October 21, 1963, 375 U. S. 39, 41, is amended to read: "The petition is therefore granted and the judgment is re-

versed and the cause remanded to the Court of Appeals for further proceedings in conformity with this opinion."

MR. JUSTICE GOLDBERG, with whom MR. JUSTICE BLACK joins, dissenting from the order granting rehearing and from the modification of the original opinion.

In my view, the cause was properly remanded "to the Court of Appeals for consideration on its merits," 375 U. S. 39, 41, and there is no reason to modify the original opinion.

Respondent requests the change in order to be free upon remand to argue to the Court of Appeals that petitioners originally failed to perfect their appeal to that court because they did not comply with the 30-day requirement of Rule 73 (a) of the Federal Rules of Civil Procedure.   The Rule provides that:

> "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, *except* that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry, . . ."   (Emphasis added.)

Petitioners, having filed their notice of appeal with the Court of Appeals more than 30 days but less than 60 days after the entry of the District Court order dismissing their petition, contend that the 60-day limitation applies, that their appeal to the Court of Appeals was timely, and, therefore, that this Court properly remanded the case for consideration on the merits.   Petitioners argue that the proceedings they had instituted in the District Court must be regarded as a continuation of the original suit brought by the United States, that the United States is a "party" to the action within the meaning of 28 U. S. C. § 2107 and Rule 73 (a), and, therefore, all the parties

have 60 days from the entry of judgment to file a notice of appeal.

The Court in granting rehearing does not pass on the merits of these contentions, leaving them for consideration by the Court of Appeals. I do not believe that the Court of Appeals need consider this procedural question and wish to point out why our original opinion properly directed that court to consider the case on its merits.

We are here confronted with a situation in which, at the time when review of a District Court decision was sought, two questions concerning appellate jurisdiction had not definitely been settled. First, it was not altogether clear whether review in this type of action should be sought in the Court of Appeals or directly in this Court under § 2 of the Expediting Act, 32 Stat. 823, as amended, 15 U. S. C. § 29. To avoid being impaled upon the horns of this procedural dilemma, petitioners attempted to pursue both routes. We have now clarified the law and held that the Expediting Act was inapplicable and that review should proceed through the Court of Appeals. 375 U. S. 39. Second, even if the first question had not been beset by uncertainties, it was not clearly settled whether, in proceeding to the Court of Appeals, petitioners' case would come within the 60-day, as opposed to the 30-day, appeal limitation. Under these circumstances, given the prior complexities and our decision that the case is one to be reviewed by the Court of Appeals, we should now issue an order which will insure that petitioners' right to appellate review is properly safeguarded. We have the power to do precisely that.

The Court has frequently held, in cases involving attempted direct appeals from three-judge District Courts to this Court, that "where the question of jurisdiction was not obviously settled by prior decisions," the Court will enter "an order framed to save appellants their proper remedies." *Phillips* v. *United States*, 312 U. S. 246, 254.

See also *Walling* v. *James V. Reuter, Inc.,* 321 U. S. 671, 676–678; *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co.,* 292 U. S. 386, 392; *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16, 19. To accomplish this the Court has remanded "the cause to the court which heard the case so that it may enter a fresh decree from which appellants may, if they wish, perfect a timely appeal to the circuit court of appeals." *Phillips* v. *United States, supra,* at 254. Here, as in the cited decisions, we have a case in which, as a result of uncertainties in federal appellate procedures and without unreasonable action by petitioners, it is conceivable under the Court's modified opinion that an appellate review of the merits of the case may not only be unnecessarily delayed but even ultimately thwarted. What we have accomplished indirectly in the cited cases—to the end of safeguarding the statutory right to appellate review—we should be able to do directly in the exercise of our powers of appellate supervision. Compare *Bartone* v. *United States,* 375 U. S. 52.

A remand to the Court of Appeals for consideration on the merits is expressly authorized by 28 U. S. C. § 2106 which provides that:

> "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require. such further proceedings to be had as may be just under the circumstances."

The decisions in the above-cited cases establish that this Court has on numerous occasions made "such disposition of the case as justice requires" as is authorized by the statute. *Walling* v. *James V. Reuter, Inc., supra,* at 676. In the present case there can be no doubt that a hearing on

the merits would "be just under the circumstances." The fact that this case has proven to involve two procedural difficulties, instead of simply one as in other instances, should not so confuse the matter as conceivably to defeat the realization of appellate review on the merits. This case, which has been in this Court twice and which will now be in the Court of Appeals for a second time, should be decided in that court on the merits. The right to appellate review should no longer be delayed or denied as a result of uncertainties in federal procedures.