DEIOMA TRUCKING COMPANY, Baker Hi-Way Express, Inc., Watkins Trucking, Inc., and Fred Fairall Construction Company, Plaintiffs,

v.

UNITED STATES of America, and Interstate Commerce Commission, Defendants,

and

George W. Kugler, Inc., Intervening Defendant.

Civ. A. No. C 64-50.

United States District Court
N. D. Ohio, E. D.
March 25, 1964.

Edwin G. Reminger, Cleveland, Ohio, James E. Wilson and David C. Venable, Washington, D. C., for plaintiff.

Merle McCurdy, U. S. Atty., Cleveland, Ohio, Thos. H. Ploss, Office of Gen. Counsel, I. C. C., Washington, D. C., George, Greek, King & McMahon and John P. McMahon, Columbus, Ohio, Donald W. Hornbeck and Edward C. Crouch, Jr., of Marshman, Hornbeck, Hollington, Steadman & McLaughlin, Cleveland, Ohio, for defendant.

Before EDWARDS, Circuit Judge, CONNELL, Chief District Judge, and KALBFLEISCH, District Judge.

PER CURIAM.

George W. Kugler, Inc. requested authority from the Interstate Commerce Commission to operate as a contract carrier for the Robinson Clay Product Company. The Hearing Examiner filed an extensive report in which he recommended that most of the requested authority be granted. Carriers opposing the application, including plaintiffs herein, filed exceptions to that report. The Interstate Commerce Commission, Division 1, in a short form order, adopted the recommended order and report of the Examiner. Plaintiffs then filed a petition for reconsideration on the basis that the case raised issues of national transportation importance. The Commission rejected this contention and refused to reconsider the original determination. Plaintiffs then filed this suit to enjoin the Commission's order.

The plaintiffs contend that neither the Examiner nor the Commission made sufficient findings of fact and conclusions of law upon the five factors which Section 309(b) of Title 49 U.S.C.A. requires the Commission to consider, and therefore that the Commission failed to meet the standards imposed upon it by Section 8(b) of the Administrative Procedure Act, Section 1007(b) of Title 5 U.S.C.A. However, the Examiner's report reveals that he did consider each of the factors, and the Court is of the opinion that he made sufficient findings thereon.

Plaintiffs contend that the Examiner did not, and could not, find that the shipper had a distinct need for such service. However, in his "Discussion and Conclusions" the Examiner did refer to "the complete service here shown to be required." The Court believes that the conclusion that there was a "complete service here shown to be required" was a sufficient finding of "distinct need." Furthermore, the Examiner's report describes the facts which caused the shipper to seek the service here applied for, and these facts clearly show a distinct need on the shipper's part. The failure of the Examiner to list these facts under the hearing "Findings" or "Conclusions" does not detract from their weight or acceptance.

The plaintiffs complain that Division 1 of the Commission did not separately discuss each of the plaintiffs' exceptions to the Examiner's report. However, the Commission found that the exceptions did not raise any new issues of either fact or law which had not been adequately considered by the Examiner. This determination was correct, and therefore the Commission was not required to further discuss the issues. North American Van Lines, Inc. v. United States, D.C., 217 F.Supp. 837 (1963).

Additionally, plaintiffs contend that if the shipper were proved to have a distinct need for service the evidence showed that the plaintiffs were able to meet that need. See I. C. C. v. J–T Transport Company, 368 U.S. 81, 82 S.Ct. 204, 7 L.Ed.2d 147 (1961). However, the Commission did not so find, and there is ample evidence in

the record to support the Commission's determination.

Another contention of the plaintiffs arises from an unusual factual situation. Applicant's President, who owns fifty per cent of applicant's stock, is the Superintendent of Motor Transportation for the sole supporting shipper, Robinson Clay Product Company. Plaintiffs have contended that this is a reason for denying the application.

At the hearing before the Examiner, plaintiffs subjected George W. Kugler to extensive cross-examination on this issue, and the Examiner mentioned it in his report.

Before Division 1 of the Commission, in support of the contention that they were capable of meeting the shipper's distinct needs and that the Examiner should have so found, plaintiffs claimed that the relationship would be used by George W. Kugler to favor George W. Kugler, Inc. over other shippers, with a resulting loss of business to themselves and creation of destructive competitive practices. The Division did not consider the contention to be sufficiently meritorious to warrant separate comment. We do not believe that the Administrative Procedure Act requires the Commission to make separate findings upon arguments such as this, especially when the record shows that the facts upon which the argument is based were considered by the Hearing Examiner.

Finally, in their petition for reconsideration the plaintiffs, relying on this same factual situation, claimed that the grant of authority to applicant raised issues of national transportation importance. In denying the motion for reconsideration the Commission stated that " * * * no issue of general transportation importance is involved."

Plaintiffs complain that the Commission did not state any reasons why the relationship does not raise an issue of national transportation importance, and that therefore the Commission violated Section 8(b) of the Administrative

Procedure Act, Section 1007(b) of Title 5 U.S.C.A. However, the Commission was not required to state any reasons for its determination because the decision was not governed by Section 8(b). That section, in relevant part, applies to cases of "agency review of the decision of subordinate officers * * *." The petition for reconsideration was not an agency review of the decision of subordinate officers, and therefore Section 8(b) did not apply.

Plaintiffs contend that we should overrule the Commission's expert decision that when a major stockholder of an applicant for a contract permit is an employee of the sole supporting shipper, the grant of the contract permit is not in contravention of the national transportation policy. However, so long as the Commission has not violated the law nor abused its discretion, a reviewing court is without authority to intervene and substitute its determination of the paramount public interest for that of the Commission. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821 (1946). We are of the opinion that the Commission has neither violated the law nor abused its discretion. Furthermore, even if we could reverse the Commission's determination we would not do so because we agree with its conclusion. As the Commission said in the similar case of Redland Oil Company, 91 M.C.C. 771 (1963), at page 775:

> "We do not believe that the fact that one of applicant's shippers is in a position to control its operations should be held to preclude a grant of authority. A contract carrier is under no obligation to render impartial service to the public."

In fact, because the need of the shipper for unusual service is the primary basis for granting a contract permit, a carrier in close connection with the shipper might be better able to fulfill the shipper's needs than could a totally unconnected carrier, and thus the relationship would provide a further reason for granting the permit. The cases of L. W.

Hageman, 26 M.C.C. 649 (1940) and Diepen-Rowan Company, 4 M.C.C. 85 (1938), which reached a contrary determination, were made before the amendment to Section 303(a) (15) of Title 49 U.S.C.A. That amendment made the shipper's distinct need the primary criterion in determining whether a contract carrier permit should be granted in cases of this type.

We have considered the other contentions raised by plaintiffs, but find them without sufficient merit to warrant written discussion.

The request to enjoin, set aside and annul orders of the Interstate Commerce Commission will be denied.