**YOUNGER BROTHERS, INC., Plaintiff,**

v.

**UNITED STATES of America, Interstate Commerce Commission, Robertson Tank Lines, Inc., and Hearin Tank Lines, Inc., Defendants.**

**Civ. A. No. 64–H–80.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 18, 1965.

James Wright, Houston, Tex., Ewell Muse, Jr., Austin, Tex., for plaintiff.

Jack Shepherd, Asst. U. S. Atty., Houston, Tex., Francis A. Silver, Assoc. Gen. Counsel, I.C.C., for Interstate Commerce Commission.

Thomas E. James, Donald O. Baker, Houston, Tex., for motor carriers.

Before BROWN, Circuit Judge, and HANNAY and NOEL, District Judges.

JOHN R. BROWN, Circuit Judge:

This is a proceeding to set aside an order of the Interstate Commerce Commission,[1] entered on separate applications of Robertson[2] and Hearin.[3]

The Examiner found in each of the two proceedings that the present and future public convenience and necessity required the operation of applicant as a common carrier of acids and chemicals (not including liquified petroleum gases), in bulk, from Lake Charles, Louisiana, and points within five miles thereof, to points in eight specified states over irregular routes restricted, however, against certain excepted transportation. The ICC through Division 1 under a single order overruled all of the exceptions to the Examiner's report and, approving the findings and conclusions of the Examiner, affirmed and adopted them as its own. It thereupon ordered the issuance of a certificate to each of the applicants as recommended by the Examiner.

Younger,[4] the plaintiff, a protestant in the ICC proceedings attacks the orders generally on the ground that they are not substantiated by sufficient evidence. More specifically it complains that (a) the order should have confined the commodities to the nine chemicals being manufactured and shipped by the principal supporting shipper, PPGC,[5] and, in any event, (b) the certificate should have been restricted to the plant site of the supporting shipper.

As to criticism (a), above, the Commission was certainly not compelled to restrict the certificate to the nine specified chemical commodities. On the contrary, both in the evidence concerning the research and development program of PPGC and the expertise for divination of future needs committed ex-

---

1. See 28 U.S.C.A. §§ 1336, 1398, 2284, 2321 to 2325; 5 U.S.C.A. § 1009; 49 U.S.C.A. §§ 17(9) and 305(g).

2. Robertson Tank Lines, Inc. of Houston, Texas, application No. MC–116077 (sub-number 125).

3. Hearin Tank Lines, Inc. of Baton Rouge, Louisiana, application No. MC–112497 (sub-number 184).

4. Younger Bros., Inc.

5. Pittsburgh Plate Glass Company.

clusively to it by Congress, the Commission had more than enough basis for the general grant. United States v. Detroit & Cleveland Navigation Co., 1945, 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38; ICC v. Parker, 1945, 326 U.S. 60, at 65, 65 S.Ct. 1490, 89 L.Ed. 2051; United States v. Pierce Auto Freight Lines, 1946, 327 U.S. 515, 535-536, 66 S.Ct. 687, 90 L.Ed. 821.

 And for like reasons we reject the second attack, (b) above, that the grant should have been restricted to the plant site of PPGC, not the more general area "from Lake Charles, La. and points within five miles thereof".[6]

Unlike TSC Motor Freight Lines, Inc., et al. v. United States, S.D.Tex. (3-Judge), 1960, 186 F.Supp. 777, in which as to one leg we held there was simply no evidence of public convenience and necessity, there was here abundant proof of (a) substantial present and future need and (b) inadequacy of existing service. That this evidence was related solely to PPGC did not compel a plant site restriction. The Commission, both for conceptual and practical reasons, adheres to the course of imposing plant site restriction on common carrier certificates only in the rare and exceptional case in which clear and convincing evidence demonstrates that such a limitation is required in the public interest.[7]

█ Nothing in this record—either as a part of the "affirmative" case for the grant of a certificate, or the "negative" case of protestants refuting the claim of public convenience and necessity—compelled, or, for that matter, even suggested the conclusion that the general grant would adversely affect existing carriers as to traffic (if any) of this classification emanating from petrochemical plants other than PPGC in the Lake Charles area. The Commission is certainly entitled to the view that a mere " * * * fear that a diversion of traffic may occur is not a sufficient basis for the imposition of" a plant site limitation. Chemical Tank Lines, Inc., Extension, 71 M.C.C. 380, 382 (1957).

 This leaves only the tag end contention that in its disposition of the case, the Commission failed to comply with the requirement of § 8(b), 5 U.S. C.A. § 1007(b) of the APA, that the order reflect the reasons and basis for the findings and conclusions. If this is a claim that Division 1, otherwise fully satisfied with Examiner's Report, has to go through the laborious process of issuing its own decision-report, it quickly fails. The Commission, as do other adjudicatory tribunals, court or administrative, has the right, if not the duty, to exercise imaginative resourcefulness and judicial inventiveness in developing

6. Whether the 5 miles is to be measured from the legally ordained boundary limits of Lake Charles, or from the limits of Lake Charles as defined in Ex Parte No. 37, Commercial Zones and Terminal Areas (Lake Charles, La., commercial zone), 83 M.C.C. 668 (1960), is a possible future minor controversy for resolution, if need be, under the flexible machinery of the ICC. Cf. Yellow Transit Freight Lines, Inc. v. United States, N.D. Tex. (3-Judge), 1963, 221 F.Supp. 465.

7. See Chemical Express Extension—Douro, Tex., 89 M.C.C. 452, 455 (1962), for a recent pronouncement:
 "Further, we believe that a common carrier, except in rare instances, should not be granted authority confined to a plant site of a particular shipper. The duty of a common carrier requires it to

serve the general public without discrimination, and it necessarily follows that this duty obligates it to serve, to the extent of its ability, all shippers who may request its services. * * *."
To this may be added many similar decisions: South State Oil Co., Extension—Ten Additional States, 77 M.C.C. 343, 347 (1958); Chemical Tank Lines, Inc., Extension—Wayne County, Mich., 71 M.C.C. 380, 382 (1957); Eldon Miller, Inc., Extension—Chicago, Ill., 68 M.C.C. 245 (1956); Blue Ridge Transportation Co., Inc., Extension—North Carolina, 89 M.C. C. 616, 619 (1962); cf. Shirks Motor Express Corporation, Extension—Scranton, Pa., 47 M.C.C. 505, 508 (1947); South State Oil Co., Extension—Ten Additional Destination States, 77 M.C.C. 343 (1958).

procedures which enable it to stem the tide of ever increasing backlogs. See FTC v. J. Weingarten, Inc., 5 Cir., 1964, 336 F.2d 687; Hill v. FPC, 5 Cir., 1964, 335 F.2d 355, 365 and n. 27; Shenandoah Valley Broadcasting, Inc. v. ASCAP, 1963, 375 U.S. 39, 84 S.Ct. 8, 11 L.Ed.2d 8, opinion modified and rehearing granted in part, 1964, 375 U.S. 994, 84 S.Ct. 627, 11 L.Ed.2d 467, 468 (dissenting opinion); Bartone v. United States, 1963, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11; United States v. Mayton, 5 Cir., 1964, 335 F.2d 153; Burton v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1964, 335 F.2d 317; Benson v. United States, 5 Cir., 1964, 332 F.2d 288; Whitney v. Wainwright, 5 Cir., 1964, 332 F.2d 787; Anderson v. United States, 5 Cir., 1963, 318 F.2d 815; Juelich v. United States, 5 Cir., 1963, 316 F.2d 726.

■■■■ The DANDO[8] device is certainly permissible. North American Van Lines, Inc. v. United States, N.D. Ind. (3–Judge), 1963, 217 F.Supp. 837, 842; Deioma Trucking Co. v. United States, N.D.Ohio (3–Judge), 1964, 233 F.Supp. 782, 783. When pursued it means, of course, that the Commission's action stands or falls with the Examiner's Report. From that viewpoint, there is nothing to the criticism leveled here. First, there was no proper exception taken as to the form or adequacy of the findings (as distinguished from the underlying evidence). United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54; Magnet Cove Barium Corp. v. United States, S.D.Tex., 1959 (3–Judge), 175 F.Supp. 473, 474. Next, the Examiner's Report, exceptionally detailed and revealing, fully met the APA test. Dixie Carriers, Inc. v. United States, S.D.Tex. (3–Judge), 1956, 143 F.Supp. 844, dismissed as moot, 1957, 355 U.S. 179, 78 S.Ct. 258, 2 L.Ed.2d 186; Amarillo-Borger Express, Inc. v. United States, N.D.Tex. (3–Judge), 1956, 138 F.Supp. 411, dismissed as moot, 1957, 352 U.S. 1028, 77 S.Ct. 594, 1 L.Ed.2d 598.

It follows that the ICC Order should be enforced and the application for an injunction denied.

Complaint dismissed.

---

8. In the jargon of the elite (ICC practitioners), it bears this descriptive.