UNITED STATES of America,
Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
Defendant.

No. 69 Civ. 200 (DNE).

United States District Court,
S. D. New York,
Civil Division.

Dec. 30, 1975.

Hughes Hubbard & Reed, New York City, Powell Pierpont, David F. Hixson, New York City, of counsel, for Kaufman.

Baker & McKenzie, New York City, for Withington.

Raymond M. Carlson, Grant G. Moy, Jr., and Eugene M. Katz, U. S. Dept. of Justice, Antitrust Div., New York City, for plaintiff United States.

## MEMORANDUM

EDELSTEIN, Chief Judge:

By memorandum decisions dated December 4, 1975 and December 8, 1975,

this court denied the motions of Mr. Withington and Mr. Kaufman, both non-parties, to quash and vacate subpoenas ad testificandum served upon them by the United States of America, plaintiff in this action, directing them to appear and testify as experts on its behalf. Each of them has now moved this court by motions dated December 17, 1975, for an order (1) "amending and resettling this court's memorandum and order" to allow immediate appeal pursuant to 28 U.S.C. § 1292(b) and (2) staying all proceedings relating to him pending disposition of appeal. Both motions are denied.

■ This litigation is a civil action brought under the federal antitrust laws by the United States seeking equitable relief. The provisions of the Expediting Act, 15 U.S.C. §§ 28–29, are therefore generally applicable to it. As amended December 21, 1974, part of that Act now provides:

> Any appeal from an interlocutory order entered in any such action shall be taken to the court of appeals pursuant to sections 1292(a)(1) and 2107 of Title 28 [of the United States Code] *but not otherwise.*

15 U.S.C. § 29(a) (emphasis added).

According to the quoted provision, this court is without the authority to certify its prior decisions for appeal under section 1292(b) unless an exemption from the applicability of the Expediting Act can be found.

Mr. Kaufman argues[1] that such an exception exists in the fact that "analytically [the motion to quash] is a separate and independent proceeding. Mr. Kaufman is not a party to the case and the controversy presented by his motion is entirely collateral to and separable from the issues presented in the main action." Kaufman Memorandum at 2. The argument continues in a footnote:

> For this reason we believe that the Expediting Act . . . is not applicable and an interlocutory appeal is

not barred simply by virtue of the fact that the subpoena was served in a government antitrust case.

*Id.*

Whether the proceedings arising out of the government's subpoenas are now "separable" and "collateral" is not recognized as a means of determining the existence of an Expediting Act exception. Furthermore, Mr. Kaufman's argument, the thrust of which is that the dispute is so independent of the underlying case that the Expediting Act should not apply, is legally insufficient.

Although there is a judicially-created exception to the Expediting Act where the dispute is *"entirely between private parties* and is outside of the mainstream of the litigation in which the Government is directly concerned," *Shenandoah Valley Broadcasting, Inc. v. American Society of Composers, Authors & Publishers,* 375 U.S. 39, 40, 84 S.Ct. 8, 9, 11 L.Ed.2d 8, *amended on rehearing on other grounds,* 375 U.S. 994, 84 S.Ct. 627, 11 L.Ed.2d 467 (1963) (emphasis added), it can hardly be said that the instant controversy is within that exception and that the dispute concerning whether Mr. Kaufman and Mr. Withington can be compelled to testify "does not concern the government." *United States v. International Business Machines Corp.,* 480 F.2d 293, 296 (2d Cir. 1973), *cert. denied,* 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974). The "mainstream" exception as delineated in the case law does not avoid the prohibition by the Expediting Act of the instant appeals, and the motions for certification can not be granted by this court.

■ Even if the instant controversy were not within the Expediting Act, this court would still be constrained not to grant the applications for certification. Section 1292(b) requires the district judge to certify that, *inter alia,* "an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." Such certi-

---

1. Mr. Withington, in his memorandum, adopts entirely the argumentation contained in the memorandum of Mr. Kaufman and sets forth no additional argumentation.

fication is proper only under the most unusual circumstances where the immediate appeal might avoid protracted and costly litigation. *Gottesman v. General Motors Corp.,* 268 F.2d 194 (2d Cir. 1959); *Ratner v. Chemical Bank New York Trust Co.,* 309 F.Supp. 983 (S.D.N.Y. 1970); *Seidenberg v. McSorleys' Old Ale House, Inc.,* 308 F.Supp. 1253 (S.D.N.Y. 1969); *Leighton v. New York, Susquehanna & Western Railroad Co.,* 306 F.Supp. 513 (S.D.N.Y.1969).

Mr. Kaufman argues that absent an immediate appeal both that aspect of the proceedings in which Mr. Kaufman is involved and the underlying antitrust litigation will be prolonged. According to his scenario, if no immediate appeal is allowed:

> the Court would then be required to decide Mr. Kaufman's motion to quash IBM's Rule 45(d) subpoena. If that motion were denied, Mr. Kaufman could decline to testify, and IBM would have the option of seeking an adjudication of contempt. If there were such an adjudication, Mr. Kaufman would then clearly have a right to appeal under § 1291. If IBM did not seek a contempt adjudication, or if the appeal were decided in favor of Mr. Kaufman on grounds applicable only to IBM's discovery subpoena, the government could then call Mr. Kaufman to testify at the trial, at which point Mr. Kaufman could again decline, and the government could seek an adjudication of contempt. In this event, it is clear beyond peradventure that Mr. Kaufman would then be entitled to appellate review of the question raised upon his motion to quash the government's subpoena.

Kaufman Memorandum at 9–10 (footnote deleted).

The court does not find Mr. Kaufman's argument persuasive. First, it is advancement of the underlying litigation and not of derivative disputes arising out of the main case with which section 1292(b) is concerned. Secondly, the court does not agree that the underlying litigation might be materially advanced. Any delay of the trial resulting from the proceedings in Mr. Kaufman's scenario would be at most minimal and would not result in the kind of protracted litigation which section 1292(b) was designed to avoid. *See Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431 (3d Cir. 1958). The court could not, therefore, even if it had the power under the Expediting Act to do so, grant Mr. Kaufman's and Mr. Withington's motions for certification.[2]

**2.** In denying the instant motions, the court notes that it carefully assessed both the possible value of the movants' testimony and the need for their assistance in light of the complexity and significance of this exceptional case in reaching its earlier decisions. *See United States v. International Business Ma-* *chines Corp.,* 406 F.Supp. 175 (1975). It is inaccurate to suggest, as do Mr. Kaufman and Mr. Withington in their moving papers, that they were ordered to testify without any consideration of the presence or absence of influential factors intrinsic to this case.