MONTIEL, Judge.
The State, on May 14, 1991, indicted Bruce Garrett on one count of attempted murder. The State subsequently, at a hearing held on July 22, 1991, moved to amend the indictment to charge attempted assault in the first degree. At that time, the trial court heard testimony and accepted Garrett’s guilty plea to the amended charge of attempted assault in the first degree.
The trial court sentenced Garrett on August 2, 1991, and at that time the State invoked the enhancement provision of § 13A.-5-6(a)(5), Code of Alabama 1975, because Garrett had used a firearm during the crime of attempted assault in the first degree. Although attempted assault in the first degree is a Class C felony, which under § 13A-5-6(a)(3), carries a sentence of “not more than 10 years or less than one year and one day,” the enhancement provision of § 13A-5-6(a)(5) mandates a minimum sentence of “not less than 10 years” for a Class C felony committed with a firearm or deadly weapon.
Garrett contends that the State’s failure to provide him with pretrial and presentencing notice of its intention to invoke the mandatory minimum enhancement provision of § 13A-5-6(a)(5), violated the Due Process Clause of the Fourteenth Amendment to the United States Constitu *494 tion. It is clear from the record that the state failed to provide the appellant notice of its intention to invoke the enhancement provision prior to actual sentencing on August 2, 1991, ten days after the appellant had pleaded guilty to assault in the first degree. We agree with Garrett’s contention. We ground our holding upon the recent Alabama Supreme Court opinion in Ex parte Rivers, 597 So.2d 1308 (Ala.1991); in that case the defendant was convicted and sentenced under the Habitual Offender Act. The Supreme Court reversed this court’s judgment and held that the defendant “was not informed of the minimum possible sentence in his cases, prior to his plea of guilty.” Ex parte Rivers, at 1310. Rivers follows previous Alabama law on this issue:
“Since Carter v. State, [291 Ala. 83, 277 So.2d 896, at 898 (1973) ], this court and the Court of Criminal Appeals have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute prerequisite to the acceptance of a guilty plea.”
Ex parte Rivers, at 1309.
The prosecutor informed the trial judge at the July 22, 1991, sentencing hearing that attempted assault in the first degree was a “Class C” felony. However, the following excerpt from the transcript shows the only evidence on the record as to what information Garrett was given concerning the maximum and minimum sentences he could receive:
“THE COURT: Do you understand the possible punishment being one to ten?
“APPELLANT: Yes, sir.”
(RR. 2)
The record indicates that the trial court informed Garrett of the potential maximum and minimum punishment pursuant to § 13A-5-6(a)(3), Code of Alabama 1975, which specifies the range of punishment provided for a Class C felony. However, the record indicates that the trial court failed to inform him that his potential minimum sentence under the enhancement provision would be “not less than 10 years.”
In this case, the defendant was not informed as to his potential minimum sentence of 10 years before he pleaded guilty. Therefore, “his guilty plea was not knowingly, voluntarily and intelligently given.” Ex parte Rivers, at 1310.
Citing abundant case authority, the State argues that Garrett failed to properly preserve the issues as to pretrial and pre-sentencing notice by failing to object at trial. This claim is without merit in this case. The Supreme Court of Alabama stated in Ex parte Rivers:
“ ‘[Wjhen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963). Indeed, the illegality of a defendant’s sentence is a ground specified in Rule 20, Ala.R.Crim.P. [Temp.], for a collateral post-conviction remedy.’ ”
597 So.2d at 1310, quoting Ex parte Brannon, 547 So.2d 68 (Ala.1989). It was not necessary for Garrett to object at trial in order to preserve the issue regarding the state’s failure to provide notice of the potential minimum sentence.
This cause is remanded to the trial court for a hearing to allow Garrett to withdraw his guilty plea to the charge of assault in the first degree. If he withdraws that plea, “the charges against the defendant as they existed before any amendment, reduction, or dismissal made as a part of a plea agreement shall be reinstated automatically.” Rule 14.4(e), A.R.Crim.P. A return to remand shall be filed with this court within 60 days.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Reporter of Decisions’ note: On March 26, 1993, the Court of Criminal Appeals issued a memorandum reading: “The trial court has complied with our directions on remand; therefore, this cause is dismissed.”