MONTIEL, Judge.
Luther Virgil Thomas, the appellant, was indicted by the Jackson County Grand Jury for the murder of John C. Thomas, Jr. The appellant used a hunting knife in the commission of this crime. On April 12, 1993, the appellant waived arraignment and entered a plea of not guilty. On May 6, 1993, pursuant to a plea bargain agreement, the appellant pleaded guilty to manslaughter under § 13A-6 — 3(a)(2), causing the death of another person “due to a sudden heat of passion caused by provocation recognized by law.” At the guilty plea proceeding on May 6, the court informed the appellant that manslaughter was a Class B felony, with a range of possible punishment from 2 years’ to 20 years’ imprisonment plus possible imposition of a fine, a crime victim assessment, and restitution.
At the sentencing hearing on June 30, 1993, the court applied the deadly weapon provision of § 13A-5-6(a)(5), Code of Alabama 1975, and informed the appellant that the minimum sentence, as enhanced, was 10 years’ imprisonment. The court sentenced the appellant to 15 years in the penitentiary. He appealed.
I
The appellant challenges the legality of the sentencing enhancement. In Garrett v. State, 611 So.2d 493 (Ala.Crim.App.1992), a defendant, as part of a plea agreement, pleaded guilty to a “Class C” felony, with a minimum punishment of imprisonment for 1 year and 1 day and a maximum of 10 years. The trial court notified the defendant of this range, but did not tell him that the potential minimum sentence under an applicable enhancement statute would be 10 years. This court, citing Ex parte Rivers, 597 So.2d 1308 (Ala.1991), remanded Garrett to allow him to withdraw his guilty plea.
“ ‘Since Carter v. State, [291 Ala. 83, 277 So.2d 896, at 898 (1973) ], this court and the Court of Criminal Appeals have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute prerequisite to the acceptance of a guilty plea.’ Ex parte Rivers at 1309.” Garrett v. State, 611 So.2d at 494. As in Garrett, the trial court in this case informed the appellant of the minimum and maximum sentences for the appellant’s felony, in this case 2 years’ imprisonment to 20 years. The court did not inform the appellant, at the time of his guilty plea, of its intent to invoke the enhancement statute. “Therefore, ‘his guilty plea was not knowingly, voluntarily and intelligently given.’ Ex parte Rivers at 1310.” Garrett at 494.
The appellant cites Ex parte McCree, 554 So.2d 336 (Ala.1988), as authority for the argument that the sentence enhancement statute should not have been applied in this case. Ex parte McCree limits the application of the sentence enhancement statute to those cases in which the defendant is convicted of a felony and there was no intent to use a firearm or deadly weapon in the commission of the felony. In this case, the appellant pleaded guilty to “heat-of-passion” manslaughter and the appellant’s intent to use the deadly weapon was conceded. Although Ex parte McCree has no application here, the sentence imposed under § 13A-5-6(a)(5), Code of Alabama 1975, was illegal because the state did not inform the appellant of its intent to invoke that enhancement statute before the court accepted his guilty plea.
The state contends that appellant did not preserve this issue because, it says, he did not present it to the trial court. “[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963). Indeed, the illegality of a defendant’s sentence is a ground specified in Rule 20, Ala.R.Crim.P. [Temp.], for a post-conviction remedy.” Garrett v. State, 611 So.2d 493, 494 (Ala.Crim.App.1992); Ex parte Rivers, 597 So.2d 1308, 1310 (Ala.1991); Ex parte Brannon, 547 So.2d 68 (Ala.1989). The appellant did not have to object at trial to preserve the issue of the state’s failure to give notice of the potential minimum sentence under enhancement.
This cause is remanded to the trial court to allow the appellant to withdraw his guilty plea to the charge of manslaughter. If *59 he withdraws that plea, “the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically.” Rule 14.4(e), A.R.Crim.P. A return to remand shall be filed with this court within 60 days.
REMANDED WITH DIRECTIONS. 
All the Judges concur.
BOWEN, P.J., concurs in result only without opinion.