**YALE TRANSPORT CORP., Plaintiff,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

United States District Court
S. D. New York.
Nov. 19, 1962.

Zelby &˙ Burstein, New York City, and Halperin, Shivitz, Scholer & Steingut, New York City, for plaintiff; Herbert Burstein, New York City, of counsel and on the brief.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Vincent L. Broderick, U. S. Atty., Southern District of New York, New York City, for the United States.

Robert W. Ginnane, Gen. Counsel, James Y. Piper, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before MARSHALL, Circuit Judge, and DIMOCK and CROAKE, District Judges.

DIMOCK, District Judge.

This is a suit under the provisions of Title 28 U.S.C. §§ 1336, 1398, 2321–2325, and Title 5 U.S.C. § 1009, to set aside an order of the Interstate Commerce Commission, hereinafter Commission, dated July 20, 1961, which denied an application by Yale Transport Corp., hereinafter plaintiff, filed under section 207 of the Interstate Commerce Act, 49 U.S.C. § 307, for a certificate of public convenience and necessity as a common carrier.

Under authority granted by the present certificate of public convenience and necessity plaintiff, by a process of "tacking", may operate generally between all points within Connecticut and Massachusetts. Because, however, plaintiff can serve only certain portions of one state from a specific point in another state, operations to and from irregular route points within the described territory must be conducted through gateway points. Thus, for example, although plaintiff may serve the entire State of Massachusetts, its service to Massachusetts (except to certain so-called regular route points) must be conducted via the gateway point of New Haven.

The application to the Commission was designed primarily to modify its certificate so as to enable it to eliminate the necessity of operating through these gateway points and thereby avoid circuitous operations.

This application, filed October 12, 1960, resulted in a recommended order of the trial examiner embodying the conclusion that plaintiff had failed to establish that the present and future public convenience and necessity required the proposed operation. The Commission adopted the examiner's report in its entirety and entered its order on July 20, 1961, denying the application.

Except for the Administrative Procedure Act, the only applicable statute

cited to us is section 207 of the Interstate Commerce Act, 49 U.S.C. § 307, which reads as follows:

"(a) Subject to section 210, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this part and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied; Provided, however, That no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations."

There is no controversy over the question whether the applicant is fit, willing and able properly to perform the service proposed and to conform to the provisions of law and the requirements, rules and regulations of the Commission. The only question of law left under the statute is, therefore, whether the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity.

No direct evidence that the service is or will be required by the present or future public convenience and necessity was introduced. On the contrary, plaintiff contends that the proposed service is so like a service rendered under a present certificate that the fact that the service is required by the present or future public convenience and necessity has already been determined by the issuance of its present certificate. See Judge Chesnut's opinion in Interstate

Common Carrier Council v. United States, D.C.D.Md.Civ.Div., 84 F.Supp. 414, 420. The Commission has decided against this contention. In reaching this decision the Commission purported to follow the pattern laid down in Childress-Elimination Sanford Gateway, 61 M.C.C. 421. Plaintiff says that the pattern was not correctly followed.

■ We need not decide that question. The fact that a new decision of an administrative tribunal departs from the rule of an earlier one does not require corrective action by a reviewing court. Georgia Public Service Comm. v. United States, 283 U.S. 765, 775, 51 S.Ct. 619, 75 L.Ed. 1397; ABC Freight Forwarding Corporation v. United States, D.C.S.D. N.Y., 169 F.Supp. 403, 405. We must decide whether the Commission correctly applied the laws, not whether it followed its own precedents.

Plaintiff charges that the decision departed from the Administrative Procedure Act in that the Commission completely disregarded the requirements of section 8(b) of the Administrative Procedure Act, 5 U.S.C. § 1007(b), in summarily dismissing exceptions and adopting an ultimate conclusion which was not grounded upon basic findings supported by probative evidence of record.

As we have stated, the ultimate conclusion of the examiner, adopted by the Commission, was, in recognition of the ultimate question of law presented, "that applicant has failed to establish that the present and future public convenience and necessity require the proposed operation".

■ This is supported by statistics summarized in the decision which detail the characteristics of the circuitous service now rendered through the gateways and the characteristics of the proposed direct service. This summary had a logical bearing on the subsidiary, though fundamental, question whether the proposed service was so close to the old service that the original determination of public convenience and necessity would cover both. On it was based the finding

that the proposed service was so different from the old as to constitute a new service and consequently one as to which there had been no determination of public convenience and necessity. Even were we to disagree with this conclusion, to say that it was not grounded upon basic findings supported by probative evidence of record would be to use empty words.

Judgment for defendant.

MARSHALL, Circuit Judge, and CROAKE, District Judge, concur.