**BRASWELL MOTOR FREIGHT LINES, INC., and Clarinda K. Shayler, Individually and as Executrix and Sole Devisee of the Estate of Warren G. Shayler, Deceased, Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Transcon Lines, a Corporation, Pacific Intermountain Express Co., DC International, Inc., Watson-Wilson Transportation System, Inc., Ringsby Truck Lines, Inc., IML Freight, Inc., Consolidated Freightways Corporation of Delaware, Illinois-California Express, Inc., Intervenors.**

**Civ. A. No. 66–125–EP.**

United States District Court
W. D. Texas,
El Paso Division.

July 14, 1967.

Judgment Affirmed Jan. 15, 1968.

See 88 S.Ct. 692.

T. S. Christopher, Fort Worth, Tex., for plaintiffs.

Ernest Morgan, U. S. Atty., San Antonio, Tex., Robert W. Ginnane, Gen. Counsel, Manny H. Smith, Interstate Commerce Commission, Washington, D. C., for defendants.

Before THORNBERRY, Circuit Judge, and SUTTLE and GUINN, District Judges.

## JUDGMENT

GUINN, District Judge.

We adopt the Statement of the Case as set out in the Joint Brief of the United States of America and the Interstate Commerce Commission.

## STATEMENT OF THE CASE

This is an action brought to set aside in part a report and order of the Interstate Commerce Commission, Division 3, entered December 20, 1965, in Docket No. MC–F–8358, Braswell Freight Lines, Inc. —Purchase—Warren G. Shayler, W. Thurman Shayler, Guardian (Clarinda K. Shayler, Executrix), 101 M.C.C. 1, and an order of the Commission, Division 3, acting as an Appellate Division, of July 19, 1966, which denied a petition for reconsideration and/or further hearing. In the report and order of December 20, 1965, the Commission found that the pur-

chase by Braswell Motor Freight Lines (Braswell) of the operating rights of Warren G. Shayler, W. Thurman Shayler, guardian (Clarinda K. Shayler, Executrix) (Shayler rights) pursuant to Section 5(2) (a) of the Interstate Commerce Act (Act), 49 U.S.C. § 5(2) (a), would be consistent with the public interest. However, the Commission made its approval subject to the following restriction: " * * * provided, however, that the operating authority acquired from Warren G. Shayler, W. Thurman Shayler, guardian (Clarinda K. Shayler, executrix) shall not be combined or joined with any other authority presently held by Braswell Motor Freight Lines, Inc., for the purpose of providing single-line service to or from points in Arizona and California; * * *" (101 M.C.C. 18). Plaintiffs' challenge is, therefore, limited to the validity of this joinder restriction.

We accept as the question presented for our determination the following: Whether the Commission's conclusion (101 M.C.C. 1, 17–18) that the Braswell acquisition of the Shayler rights was consistent with the public interest subject to a restriction against use of the unified rights for the providing of single-line service to and from points in Arizona and California is supported by adequate findings based upon substantial evidence and is in accord with the applicable law.

### STATUTES INVOLVED

Section 5(2) (a) (i) of the Act, 49 U.S.C. § 5(2) (a) (i), sets forth the basic permissibility for one carrier to acquire control of another carrier:

(2) (a) It shall be lawful, with the approval and authorization of the Commission, as provided in subdivision (b) of this paragraph—

(i) for two or more carriers to consolidate or merge their properties or franchises, or any part thereof, into one corporation for the ownership, management, and operation of the properties theretofore in separate ownership; or for any carrier, or two or more carriers jointly, to purchase, lease or contract to operate the properties, or any part thereof, of another; or for any carrier, or two or more carriers jointly, to acquire control of another through ownership of its stock or otherwise; * * *

Section 5(2) (b), 49 U.S.C. § 5(2) (b), sets forth procedures and standards:

(b) Whenever a transaction is proposed under subparagraph (a), the carrier or carriers or person seeking authority therefor shall present an application to the Commission, and thereupon the Commission shall notify the Governor of each State in which any part of the properties of the carriers involved in the proposed transaction is situated, and also such carriers and the applicant or applicants (and, in case carriers by motor vehicle are involved, the person specified in section 305(e), of this title), and shall afford reasonable opportunity for interested parties to be heard. If the Commission shall consider it necessary in order to determine whether the findings specified below may properly be made, it shall set said application for public hearing; * * * If the Commission finds that, subject to such terms and conditions and such modifications as it shall find to be just and reasonable, the proposed transaction is within the scope of subparagraph (a) and will be consistent with the public interest, it shall enter an order approving and authorizing such transaction, upon the terms and conditions, and with the modifications, so found to be just and reasonable: * * *

Section 5(13), 49 U.S.C. § 5(13), defines "carrier" as including a motor carrier:

(13) As used in paragraphs (2)—(12) of this section, inclusive, the term "carrier" means * * * a motor carrier subject to chapter 8 of this title; * * *

Section 210a(b), 49 U.S.C. § 310a(b), permits the granting of temporary authority:

(b) Pending the determination of an application filed with the Commission for approval of a consolidation or merger of the properties of two or more motor carriers, or of a purchase, lease, or contract to operate the properties of one or more carriers, the Commission may, in its discretion, and without hearings or other proceedings, grant temporary approval, for a period not exceeding one hundred and eighty days, of the operation of the motor carrier properties sought to be acquired by the person proposing in such pending application to acquire such properties, if it shall appear that failure to grant such temporary approval may result in destruction of or injury to such motor carrier properties sought to be acquired, or to interfere substantially with their future usefulness in the performance of adequate and continuous service to the public.

■■■ It is undisputed that the order of the Commission lies within the scope of its statutory authority. If the order is based upon adequate findings which are supported by substantial evidence, it must be upheld even though we might reach a different conclusion on the facts presented. Rochester Telephone Corporation v. United States, 307 U.S. 125, 138–140, 59 S.Ct. 754, 83 L.Ed. 1147 (1939). The scope of the judicial review of orders of the Commission was recently passed upon in the Western District in the case of Alamo Express, Inc. v. United States, D.C., 239 F.Supp. 694, affirmed, 382 U.S. 19, 86 S.Ct. 83, 15 L.Ed.2d 14 (1965), wherein it is stated: "Our duty is to determine whether the conclusions of the Commission 'find support in the record as a whole, * * *. "even though the Court would justifiably have made a different choice had the matter been before it de novo";'". See also C & H Transportation Co. v. United States, D.C., 249 F.Supp. 97. The wisdom and experience of the Commission, not of the Courts, must determine the matters involved on appeal.

■■■ Likewise, it is the exclusive province of the Commission to make find-ings of fact, to draw legitimate inferences therefrom, and to evaluate and determine the weight to be given conflicting evidence. United States v. Chicago Heights Trucking Co., 310 U.S. 344, 352–353, 60 S.Ct. 931, 84 L.Ed. 1243. There is a presumption that the Commission has properly performed its official duties and this presumption supports its acts in the absence of clear evidence to the contrary. Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 512, 64 S.Ct. 1129, 88 L.Ed.2d 1420.

■■■ We affirm the Commission's finding that the transaction, in general, would be consistent with the public interest. Since substantial evidence in the record shows that under temporary authority Braswell had been using the Shayler rights to provide a new transcontinental traffic for which no public need was established, we also affirm the joinder restriction imposed by the Commission.

■■■ We find that the evidence before Division 3 established the fact that the service proposed by Braswell from and to points in Arizona and California would constitute a new service not heretofore performed by vendor in conjunction with vendee or any other carrier. An anlysis of this record appears in the Commission's report (101 M.C.C. 1, 14–16).

The evidence supports the finding of the Commission that Braswell, acting under temporary authority, had built a substantial operation to and from California during the six-month period from March 20 through September 30, 1963. Because of its strong financial condition and ability to perform a single-line service to and from points in the vendor's territory, it could reasonably be expected to continue and in all likelihood to increase the amount of traffic handled under the temporary permit.

■■■ It is clear that in a Section 5(2) case involving a proposed new service, the applicant must show a public need for the service proposed. Otherwise, existing services are entitled to

protection from the establishment of additional competition. This rule certainly applies to this case and there must be an equivalent of the showing of public convenience and necessity where an applicant seeks new operating authority in a Section 207 proceeding. Since the public interest requires that carriers already in a territory be protected, it is immaterial whether the attempt to invade is made through an application under Section 5 or one under Section 207. Pacific Intermountain Express Co., etc., 57 M.C.C. 341 at 380 (1950), affirmed, 57 M.C.C. 467 (1951).

The most important issue involved in this case is not whether the protestants showed that an unrestricted approval of the acquisition by Braswell would have a materially adverse effect on their operations but whether Braswell proved a public need for the new service. The finding of the Commission that it failed to do so is supported by substantial evidence. (101 M.C.C. 1, 17). There was no evidence of the inadequacy of existing service.

Braswell alleges that the Commission erred in denying its petition for reconsideration and further hearing. Plaintiff sought a further hearing in order to produce evidence of representative transcontinental shipments it made through the Oklahoma City, Tulsa, and Memphis gateways in 1962 and 1963. This evidence was available to plaintiff at all times and could have been produced at the original hearing; further, it did not appear to be of particular relevance to the issue of whether plaintiff was providing a new competitive service between Arizona and California. We find no error in the denial of the petition for further hearing. It is well settled that petitions for rehearing or further hearing are addressed to the discretion of the administrative agency and that denial of such petitions is not open to question unless in clear abuse of discretionary authority. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821. In this case there was not an abuse of discretion.

Plaintiff attaches great importance to the manner in which the Commission reversed the trial examiner. In the final analysis, it is the obligation and duty of the Commission to make its decisions and in so doing it is free to accept or reject the recommendations of its examiners. Administrative Procedure Act, Section 8(a), 5 U.S.C. § 557(c); Norfolk Southern Bus Co. v. United States, 96 F.Supp. 756, 758 (E.D.Va.1950), affirmed, 340 U.S. 802, 71 S.Ct. 68, 95 L.Ed. 590; Universal Camera Corp. v. NLRB, 1950, 340 U.S. 474, at 496, 71 S.Ct. 456, 95 L.Ed. 456.

The complaint of the long delay in completing the case is without merit and could in no sense affect Braswell's rights. The temporary permit was requested with the knowledge that necessarily an indefinite period of time would elapse before final disposition. Braswell could not acquire greater authority by operating under this temporary permit than it was entitled to under the original application.

All points raised by plaintiff not touched upon herein are found to be without merit. We affirm the order of the Commission and the temporary restraining order is dissolved.