**CONSOLIDATED COPPERSTATE LINES, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Strickland Transportation Co., Inc., Plaintiff in Intervention.**

**No. 68–575–F.**

United States District Court
C. D. California.

Dec. 2, 1968.

Judgment Affirmed April 21, 1969.
See 89 S.Ct. 1470.

Axelrod, Goodman & Steiner, Chicago, Ill., Ball, Hunt, Hart & Brown, Joseph D. Mullender, Jr., Long Beach, Cal., for plaintiff.

W. T. Brunson, Oklahoma City, Okl., Joe A. Keith, Sherman, Tex., Ball, Hunt, Hart & Brown, Long Beach, Cal., for plaintiff in intervention, Strickland Transp. Co., Inc.

McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for plaintiffs in intervention, England Transp., Inc. and England Transp. Co. of Texas.

Wm. Matthew Byrne, Jr., U. S. Atty., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for defendant, United States.

Robert W. Ginnane, Nahum Litt, Gen. Counsel, I. C. C., Washington, D. C., for defendant, Interstate Commerce Commission.

Mert Starnes, James, Robinson, Felts & Starnes, Austin, Tex., Warren N. Grossman, Knapp, Gill, Hibbert & Stevens, Los Angeles, Cal., for Red Ball Motor Freight, Inc., Saia Motor Freight Line, Inc., and Central Freight Lines, Inc.

James W. Wrape, Robert E. Joyner, Memphis, Tenn., for Gordons Transports, Inc.

Phinney, Hallman, Pulley & Livingstone, Dallas, Tex., for Herrin Transp. Co.

Rawlings, Sayers & Scurlock, Fort Worth, Tex., for Ryder Truck Lines, Inc.

Phineas Steven, Jackson, Miss., for Arkansas-Best Freight Systems.

Lawrence A. Winkle, Dallas, Tex., M. Ward Bailey, Christopher & Bailey, Fort Worth, Tex., for Braswell Motor Freight Lines, Inc.

## ORDER AFFIRMING DECISION OF THE INTERSTATE COMMERCE COMMISSION

Before BROWNING, Circuit Judge, and BYRNE and FERGUSON, District Judges.

### PER CURIAM:

This is an action under 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325 to annul and set aside orders of the Interstate Commerce Commission. The report and orders of the Commission, dated July 31, 1967, are published at 104 M.C.C. 297, and amended by order of March 4, 1968.

Primarily involved are the purchases of operating rights of two companies, England Transportation Company, a Louisiana corporation, and England Transportation Company of Texas, a Texas corporation. These two companies ceased operations in 1964 due to failure to consummate a new labor agreement, and they placed their operating authority and equipment for sale at public auction. The plaintiffs, Consolidated Copperstate Lines and Strickland Transportation Co., Inc., were two successful bidders.

The statutes involved are §§ 5(2) (a) (i), 5(2) (b), 207 and 210a(b) of the Interstate Commerce Act [49 U.S.C. §§ 5(2) (a) (i), 5(2) (b), 307 and 310a(b)].

Section 5(2) (a) provides the basic permissibility for carriers to acquire control of other carriers.

Section 5(2) (b) sets forth procedures and standards for Commission approval of such transactions.

Section 207 provides for the grant of a certificate authorizing common carrier operation upon suitable findings of the public convenience and necessity.

Section 210a(b) provides for the issuance of temporary authority for one motor carrier to operate or lease the rights of another carrier.

In its § 5 purchase application, Copperstate sought to obtain through the purchase of a portion of the rights of England Transportation Company of Louisiana (England, La.), and England Transportation Company of Texas (England, Tex.), more direct routes from its western and southwestern service territory to points in Texas and to penetrate the New Orleans, Louisiana, service territory by providing service between New Orleans and Houston, Texas. Copperstate also filed an application for authority under § 207 for an extension of the rights it sought to acquire.

By its § 5 purchase application, Strickland sought to obtain through the purchase of England (La.) a competitive, direct north-south route between its present east and northern service territory, on the one hand, and, on the other, New Orleans—from Texarkana, Texas, through Shreveport, Louisiana. Also, in a § 207 application, Strickland sought to convert a portion of the England (La.) rights from irregular-route authority to regular-route authority.

Temporary authority to operate the rights of the England Companies was granted by the Commission in September 1964 and both Strickland and Copperstate commenced operation the following month.

Both Copperstate and Strickland sought approval before the Commission and were given temporary authority to

operate under the England rights pending final order of the Commission. The hearing examiner recommended, generally, approval of the applications, but the Commission, with four dissenters, denied the applications. In reversing the examiner's recommendation, the Commission, upon substantial evidence, found (1) that both Copperstate and Strickland were relying on past operations unlawfully performed by the England Companies in violation of the terms of their certificates, (2) that to the extent such past operations had been unlawfully performed, they would not be considered as probative of the public interest, (3) that both Copperstate and Strickland, as well as the England Companies, had performed so-called cross-hauling in violation of their certificates, (4) that Strickland had unlawfully managed and controlled certain rights of England (La.) prior to the Commission's approval of the temporary lease arrangement, (5) that both purchase proposals were so different from that service lawfully rendered as to constitute a new service for which the public convenience and necessity must be proved, (6) that neither carrier had borne its burden of proof in showing a need for the new services, and (7) that neither Strickland nor Copperstate was entitled to any special consideration under the doctrine of color-of-right or because of an overriding public interest.

Before the Commisson's orders became effective, this action was filed. A temporary injunction and interlocutory judgment have stayed the effective date of the Commission's orders. We now conclude that the Commission's orders should be upheld.

In a § 5 application proceeding, the burden is upon the applicant to show that a new service will not be created. The applicant must show both (1) that the prior operations were not dormant and (2) that the use to which the purchased rights would be put would not radically differ from their prior use. Braswell Motor Freight Lines, Inc. v. United States, 275 F.Supp. 98 (W.D.Tex. 1967), aff'd per curiam, 389 U.S. 569, 88 S.Ct. 692, 19 L.Ed.2d 779, rehearing denied, 390 U.S. 975, 88 S.Ct. 1025, 19 L. Ed.2d 1194 (1968).

If the Commission finds under a § 5 proceeding that the rights to be purchased were dormant or a new competitive service created, or that the vendor was selling more rights than he had, then the applicant must present proof under a separate § 207 application that the public convenience and necessity require the granting of the application.

The test of court review of the Commission's actions is the same in a § 5 as in a § 207 proceeding. In a § 207 proceeding, the test is "It [the reviewing court] cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law". United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 536, 66 S.Ct. 687, 698, 90 L.Ed. 821 (1946). In a § 5 proceeding "'the wisdom and experience of the commission,' not of the courts, must determine whether the proposed consolidation is 'consistent with the public interest' * * *. If the Commission did not exceed the statutory limits within which Congress confined its discretion and its findings are adequate and supported by evidence, it is not our function to upset its order". McLean Trucking Co. v. United States, 321 U.S. 67, 87–88, 64 S.Ct. 370, 381, 88 L.Ed. 544 (1944).

The plaintiffs' attack against the Commission's decision is bolstered by the fact that the hearing examiner and four of the commissioners would grant the applications. This circumstance, however, does not permit this court to vary from the established rules of judicial review.

The Commission considered all four applications in one report and order. As a result, the report, being one document, did not separate item by item the findings in regard to each application. This method of drafting its report cer-

tainly cannot be fatal to the Commission's orders. Form does not govern substance, and the Commission's findings in the § 207 proceedings are fully applicable to the same issues in the § 5 matters. A study of the Commission's report requires the conclusion that its discussion rationally segregates and disposes of all issues raised in each proceeding.

 The record of the proceedings establishes that the Commission's orders were based on substantial evidence and according to the applicable law. Plaintiffs in effect are asking this court to direct the Commission to be more lenient in its disposition, a position advanced by the four dissenting commissioners. The case does not permit the court to be so motivated even if it were so disposed.

It is ordered that the decision of the Commission be, and the same is, affirmed.