**CONSOLIDATED CARRIERS CORP.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants.**

**No. 70 Civ. 4123(MP).**

United States District Court,
S. D. New York.

Dec. 11, 1970.

Judgment Affirmed April 19, 1971.

See 91 S.Ct. 1375.

Zelby & Burstein, New York City, for plaintiff; by Herbert Burstein, and Arthur Liberstein, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, for the United States by Joel B. Harris, Asst. U. S. Atty.

Robert W. Ginnane, Gen. Counsel for Interstate Commerce Commission by Arthur M. Toback, Washington, D. C.

Before KAUFMAN, Chief Judge and TENNEY, and POLLACK, District Judges.

## OPINION

PER CURIAM:

The Interstate Commerce Commission ("ICC") has found the plaintiff unfit to be licensed to transport wearing apparel and accessories by motor carrier in interstate commerce. A three-judge District Court was convened to consider whether the ICC order denying a certificate of public convenience and necessity to the plaintiff was arbitrary and capricious and whether, at all events, the order was improperly bottomed on the report of an examiner who was not the hearing officer, the latter having retired after the oral hearing and before rendering a report.

The plaintiff operated intrastate in New York. It was found to have transported shipments in interstate commerce, a service for which it held no authority, and it was so notified by the ICC. Representatives of the plaintiff promised to discontinue the violative shipments and also to give notice of its unavailability therefor to all carriers and manufacturers with whom it did business.

Shortly thereafter, plaintiff filed for emergency temporary authority to provide interstate service and in connection therewith, on inspection of plaintiff's office by a Commission representative, the plaintiff was found still performing interstate service. Temporary authority was at first denied but on reconsideration was granted, to extend until final decision on the application for a permanent certificate.

A substitute examiner reported it as his findings and opinion that plaintiff had knowingly and wilfully conducted the unauthorized operation, had lied with respect to its discontinuance, decided to terminate the improprieties when it realized it was being watched, and that the nature of the service which plaintiff was supposed to render was a sham, and a part of a design to evade regulations.

The ICC adopted the substitute examiner's report and denied plaintiff's application. Following exceptions filed to the Commission's order, it affirmed its previous denial and later denied a petition for a determination that an issue

was involved of general transportation importance.

It is hornbook law that the judicial function in such cases is exhausted when some rational basis is found to be present in the evidence to support the conclusion of the agency. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934).

■ There is substantial evidence in the record of knowing and wilful violation of the law and the Commission's rules and regulations and a basis therefrom from which to infer unreliability and insincerity of the applicant and that the past violations will persist in the future. The case was peculiarly one for the expertise and experience of the administrative agency and its evaluation of the implications of the evidence.

It is not the Court's function to determine whether leniency should have been accorded to the erring applicant; that is a matter for the agency's discretion. Consolidated Copperstate Lines v. United States, 293 F.Supp. 858, 862 (C.D.Cal. 1968), aff'd 394 U.S. 719, 89 S.Ct. 1470, 22 L.Ed.2d 674 (1969). While the Court might have reached other conclusions from the same record, that is not the judicial function on this review; such a difference of opinion, even if it were to exist, would not be a basis for setting aside the action of the Commission.

The point is made that the Commission should have found that plaintiff was a fit applicant because it had received a temporary permit which plaintiff enjoyed for a considerable period prior to the examiner's report and prior to the Commission's action on the final application. However, the temporary permit, by statutory command, 49 U.S.C. § 310a(a), created no presumption of fitness in plaintiff's favor.

■ The plaintiff further contends that the Commission's order should be set aside because it was made on a substitute examiner's recommendation who had not heard the evidence or seen the witnesses. It is a rule of administrative procedure that unless the hearing officer becomes unavailable to the agency, he shall make the initial or recommended decision. 5 U.S.C. § 554(d). Here, the hearing officer had become unavailable. Accordingly, it was proper to assign a substitute examiner to supply the initial report to the Commission. No questions of credibility were resolved by the substitute examiner—his was a report of uncontroverted fact. It is well settled that a substitute examiner may prepare a recommendation for a Commission when the hearing officer dies or retires before preparing his report. Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129, 131–132 (2d Cir. 1967); NLRB v. Stocker Mfg. Co., 185 F.2d 451, 453–454 (3rd Cir. 1950); Gamble-Skogmo, Inc. v. FTC, 211 F.2d 106, 113 (8th Cir. 1954), Western Lines, Inc., Extension-Kansas City, Kan., 96 M.C.C. 657, 664–665 (1964).

Complaint dismissed.

So ordered.