**TOWNE SERVICES HOUSEHOLD GOODS TRANSPORTATION CO., Inc.**

v.

**UNITED STATES of America and the Interstate Commerce Commission.**

**Civ. A. No. A–70–CA–114.**

United States District Court,
W. D. Texas,
Austin Division.

July 14, 1971.

**816**

Herbert Burstein, New York City, James K. Presnal, Austin, Tex., for plaintiff.

Richard W. McClaren, Asst. Atty. Gen., John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for the United States.

Fritz R. Kahn, Gen. Counsel, Betty Jo Christian, Atty., I.C.C., Washington, D. C., for the I.C.C.

Alan F. Wohlstetter, Denning & Wohlstetter, Washington, D. C., Philip Robinson, Austin, Tex., for Wheaton Van Lines, Inc.

G. M. Rebman, Rebman & Aschemeyer, St. Louis, Mo., Ewell H. Muse, Jr., Austin, Tex., for United Van Lines, Inc.

James W. Tallant, Gen. Counsel, Chicago, Ill., Philip Robinson, Austin, Tex., for Allied Van Lines, Inc.

James L. Beatty, Indianapolis, Ind., Philip Robinson, Austin, Tex., for Mayflower Transit, Inc.

## OPINION

Before THORNBERRY, Circuit Judge, and ROBERTS and WOOD, District Judges.

JOHN H. WOOD, Jr., District Judge:

This is an action by plaintiff to annul, vacate, void, enjoin and set aside an Order of The Interstate Commerce Commission (Commission) required to be heard by a three-Judge Court under 28 U.S.C., Sec. 2325. Plaintiff Towne, a motor common carrier of household goods, filed an application with the Commission for a Certificate of Public Convenience and Necessity, authorizing the transportation of household goods as a motor common carrier in interstate commerce between (1) points in Texas; and (2) between points in Texas, on the one hand, and, on the other, points in five southeastern states. The application was opposed by the intervening defendants ("intervenors"). Hearings were held on Towne's application in October, 1968 and in April, 1969. The Hearing Examiner recommended approval of the application to the extent that authority was sought between points within the State of Texas, but recommended denial of the application insofar as it sought authority between Texas and the five southeastern States. Exceptions to the Examiner's Recommended Report and Order were filed by intervenors, and the Commission (Review Board Number 2, "Board") by order dated July 22, 1969, adopted the Examiner's Statement of Facts, Conclusions and Findings as its own.

Petitions for reconsideration were then filed by intervenors and in January, 1970, the Commission reopened the proceedings for reconsideration. On February 24, 1970, Division 1, acting as an Appellate Division, approved the application for authority between points in the State of Texas subject to what is known as a "Kingpak" type restriction which will be explained, infra.

Thereupon, Towne filed a Petition for Reconsideration which was denied by an Order of the Commission, Division 1, acting as an Appellate Division, entered September 10, 1970. Plaintiff then instituted this proceeding to vacate and set aside that portion of the Commission's Order approving the application subject to such restriction.

The plaintiff filed this suit alleging that the restriction imposed by the Commission "was and is contrary to law, erroneous, arbitrary, capricious and not supported by a reliable, probative and substantial evidence of record". The

plaintiff further contends that the Commission failed to properly weigh and consider the Recommended Order of the Hearing Examiner and the Decision and Order of the Board which approved the application for service between points in the State of Texas without any such "Kingpak" restriction.

By way of background, it is undisputed that traditionally the transportation of household goods has been handled by the so-called household goods carriers, operating under licenses issued by the Commission. Under this method of shipment, the goods are loaded onto a van at the point of origin, transported by highway, and unloaded at destination. Recently, however, a competing method of handling household goods movements has arisen, primarily in connection with overseas shipments. This method, arranged primarily by freight forwarders exempt from Commission regulation, involves the packing and crating of the goods in a large container at or near the point of origin, transportation of the container by regulated motor, rail and ocean carrier, and unpacking of the container at the final destination.

The freight forwarders who arrange the containerized movements are exempt from Commission regulation. For a number of years it was assumed that the motor carriers who performed the terminal operations on behalf of the freight forwarder (i. e., the pickup and delivery service and the packing, crating, and containerization at the origin or the unpacking, uncrating and decontainerization at the destinations) were also exempt. However, in Kingpak, Inc., Investigation of Operation, 103 M.C.C. 318, the Commission held that motor carriers performing such services are subject to the certificate requirements of the Interstate Commerce Act. The *Kingpak* decision was sustained in Household Goods Carriers Bureau v. United States, 288 F.Supp. 641 (N.D.Calif.1968), affirmed per curiam 393 U.S. 265, 89 S.Ct. 477, 21 L.Ed.2d 426. As a result of the *Kingpak* decision, the Commission has issued a number of certificates, based upon find-ings of public convenience and necessity, authorizing the performance of the type of service described above. In order to insure that such carriers "are authorized to perform services capable of meeting fully the transportation needs of the shipping public, without, at the same time, also enabling the performance of services for which no need has been shown and which are available from other sources" (Central Forwarding, Inc., Extension—Household Goods, 107 M.C.C. 706, 716 (1968), the Commission framed a commodity description tailored to the type of service described above. It is this type of certificate—generally known as a "Kingpak-type"—that was granted to the plaintiff in this case, and to which restricted certificate Towne objects.

## ANALYSIS OF EVIDENCE OF SUPPORTING CARRIERS

The evidence adduced by the plaintiff before the Examiner and considered by the Commission can be divided into three broad categories which will be discussed briefly as follows:

(1) *Freight forwarders.* Three of these testified that they desired plaintiff's proposed service because of delays in pickup and interchanges, inadequate equipment, and otherwise undependable service experienced with the general commodity carriers they had been using. The plaintiff readily admits that the testimony of the three Freight Forwarders and Yellow Freight System (carrier of general commodities) was limited to the need of each for a service in the handling of containerized household goods and the "Kingpack" certificate which was granted in this case and which would satisfy the needs of each.

(2) *National account shippers.* Three shippers testified that they desired plaintiff's proposed *interstate* service because of delays experienced with other carriers and with plaintiff because of the Jef-

ferson-Orange County gateway[1] plaintiff had to use under the certificate it then possessed. The testimony of the three National Account Shippers was limited solely to that part of the application seeking authority between Texas and one or more of the Southeastern States, the denial of which certificate was not appealed, and is thus not relevant to this suit. In essence, these witnesses admitted that they were merely "trying to help out" plaintiff with no genuine need for this service which could not be readily met by existing carriers.

(3) *Household goods carriers.* All five of these supported plaintiff's application for unrestricted household goods authority between points in Texas, but their testimony was in the main limited to the desirability and convenience of the proposed service to them for the accumulation and distribution of small shipments between interline points in Texas and other points in Texas. One of these witnesses, Washburn Storage Company, did testify that it knew of no other company presently offering this type of service. The support of the five Household Carriers who are authorized to render complete service between all points in Texas is based upon a desire to avoid handling traffic they consider "undesirable".

In effect, these carriers would use the applicant to avoid their common carrier obligations under section 216(b) of the Act, 49 U.S.C. 316(b), which requires them to render continuous and adequate service to the shipping public un-

der their certificates. See V. O. Lawson—Revocation, 105 M.C.C. 880 (1967).

This falls far short of establishing a public convenience and necessity for the additional service sought by Towne.[2]

As far as a public convenience and necessity is concerned, plaintiff's own supporting witnesses concede that the additional handling of the furniture contemplated by Towne would increase the likelihood of damage to the furniture and other goods being moved and also add to the probability that more of the shipper's goods would be lost or misrouted to the distinct inconvenience of the shipper.

After Plaintiff's Petition for Reconsideration was denied, this suit was filed.

## STATUTE INVOLVED

Section 207(a) of the Interstate Commerce Act, 49 U.S.C. Sec. 307(a), provides in pertinent part:

"* * * a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, *to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied* * * *" (Emphasis supplied)

---

1. Plaintiff is presently authorized to render service between Texas and the five Southeastern States by going through the "gateway" of Orange County or Jefferson County. The purpose of the instant application was to secure elimination of the gateway requirement.

2. In "excluding service on the less profitable traffic", a carrier violates the "common carrier's duty to accept and transport all shipments within the scope of their authorities". Restrictions on Service by Motor Common Carriers, 111 M.C.C., 151, 155 (1970).

## QUESTION PRESENTED

The only question presented by this case is whether there is substantial evidence, upon the whole record, to support the Commission's determination that plaintiff had failed to prove a public need for additional unrestricted household goods service between points in Texas.

## HOLDING

It is our opinion that all relief sought by the plaintiff should be denied.

This Court has recognized the basic principle that the scope of review of orders of the Commission is strictly limited. In Braswell Motor Freight Lines, Inc. v. United States, 271 F.Supp. 906, 911–912 (W.D.Tex.1967), this Court stated in sustaining the Commission's grant of a motor carrier certificate:

"The Commission, in the performance of its function as 'the guardian of the public interest in determining whether certificates of public convenience and necessity shall be granted' has been entrusted with a 'wide range of discretional authority'. United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 241, 66 S.Ct. 75, 90 L.Ed. 38 (1945). It is not required to make formal or detailed findings of fact with respect to the evidence in the record before it, so long as its report, read as a whole, discloses the essential basis of its judgment. Alabama G.S.R. Co. v. United States, 340 U.S. 216, 228, 71 S.Ct. 264, 95 L.Ed. 225 (1951). See also North American Van Lines, Inc. v. United States, 217 F.Supp. 837, 842 (N.D.Ind.1963)."

\* \* \* \* \* \*

"Recently, in Illinois Central Railroad Co. et al. v. Norfolk & Western Railway Co. et al., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966), the Supreme Court again defined 'substantial evidence' as 'enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' 385 U.S. 57 at 66, 87 S.Ct. 255 at 260. Being convinced that there is substantial support in the record for the Commission's findings, we are not at liberty to substitute our own conclusions for those which the Commission has fairly drawn from such findings. Supra, 385 U.S. 57 at 69, 87 S.Ct. 255."

The broad and exclusive discretion conferred upon the Commission in determining the public convenience and necessity is well established. Describing the power conferred by Section 207(a) of the Act soon after its enactment, the Supreme Court stated in Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 1493, 89 L.Ed. 2051 (1945):

" \* \* \* The purpose of Congress was to leave to the Commission authoritatively to decide whether additional motor service would serve public convenience and necessity. Cf. Powell v. United States, 300 U.S. 276, 287 [57 S.Ct. 470, 476, 81 L.Ed. 643]. This, of course, gives administrative discretion to the Commission, cf. McLean Trucking Co. v. United States, 321 U.S. 67, 87–88 [64 S.Ct. 370, 380, 381, 88 L.Ed. 544], to draw its conclusion from the infinite variety of circumstances which may occur in specific instances. \* \* \* "

In reversing an Order of a District Court which had overturned a decision of the Commission granting a certificate of public convenience and necessity, the Supreme Court added in United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 698, 90 L.Ed. 821 (1946):

"We think the court misconceived not only the effects of the Commission's action in these cases but also its own function. It is not true, as the opinion stated, that ' \* \* \* the courts must in a litigated case, be the arbiters of the paramount public interest.' This is rather the business of the Commission, made such by the very terms of the statute. The func-

tion of the reviewing court is much more restricted. It is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law. (Footnote omitted)"

■ In this connection, it is the Commission and not the Hearing Examiner which is charged with the responsibility of evaluating the public convenience and necessity. As this Court pointed out in Braswell Motor Freight Lines, Inc. v. United States, supra, 275 F.Supp. 98, 103:

"Plaintiff attaches great importance to the manner in which the Commission reversed the trial examiner. In the final analysis, it is the obligation and duty of the Commission to make its decisions and in so doing it is free to accept or reject the recommendations of its examiners. Administrative Procedure Act, Section 8(a), 5 U.S.C. § 557(c); Norfolk Southern Bus Corp. v. United States, 96 F.Supp. 756, 758 (E.D.Va.1950), affirmed, 340 U.S. 802, 71 S.Ct. 68, 95 L.Ed. 590; Universal Camera Corp. v. NLRB, 1950, 340 U.S. 474, at 496, 71 S.Ct. 456, 95 L.Ed. 456."

To the same effect: Eazor Express v. Pennsylvania Railroad Co., a corporation (W.D.Penn.1963), 214 F.Supp. 695; U.S. A.C. Transport, Inc. v. United States, 235 F.Supp. 689, 693 (D.Del.1964), affirmed 380 U.S. 450, 85 S.Ct. 1103, 14 L.Ed.2d 151; W. J. Dillner Transfer Co. v. Interstate Commerce Commission, 193 F.Supp. 823, 828 (W.D.Pa.1961), affirmed 368 U.S. 6, 82 S.Ct. 16, 7 L.Ed. 2d 16; T.S.C. Motor Freight, Inc. v.

United States, 186 F.Supp. 777, 789–790 (S.D.Tex.1960), affirmed Herrin Transportation Co. v. United States, 366 U.S. 419, 81 S.Ct. 1356, 6 L.Ed.2d 387; Norfolk Southern Bus Corp. v. United States, 96 F.Supp. 756, 758 (E.D.Va. 1950), affirmed 340 U.S. 802, 71 S.Ct. 456, 95 L.Ed. 456.

■ In short, the judicial function is exhausted when there is found to be a rational basis for the action taken by the agency. Mississippi Valley Barge Lines Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934). It is the duty and obligation of the Commission to accept or reject the findings and the recommendation of its Examiner and in this particular instance it rejected only those portions of his findings which have awarded an unrestricted permit rather than a "Kingpak" license to plaintiff.

■ A basic premise of plaintiff's entire argument appears to be based on the proposition that since other carriers have in recent years been granted unrestricted household goods certificates on the basis of evidence adduced in other proceedings that the plaintiff is entitled to a similar certificate as a matter of right. This reasoning fails to recognize that if the Commission was required in an unbridled fashion to continue to issue these unrestricted certificates that eventually those carriers charged with the public responsibility of rendering a service as a carrier, based on convenience and necessity of the public, would be destroyed. This premise also completely misconceived the statutory scheme under which motor carrier certificates are granted, and the nature of the burden which must be borne by one who seeks such a certificate.

While this Court might have reached other conclusions from the same record, that is not our function. See Neptune World Wide Moving v. United States (S.D.N.Y.1968), 284 F.Supp. 135, and cases there cited.

■■ The law is clear that an applicant for a motor carrier certificate

has the burden of proving that the service which he proposes to render is required by the public convenience and necessity. See John H. Yourga, etc. v. United States, et al., 191 F.Supp. 373, 378 (W.D.Pa.1961); Quickie Transport Co. v. United States, 169 F.Supp. 826, 828 (D.Minn.1959), affirmed 361 U.S. 36, 80 S.Ct. 140, 4 L.Ed.2d 111; Hudson Transit Line v. United States, 82 F.Supp. 153, 157 (S.D.N.Y.1948), affirmed 338 U.S. 802, 70 S.Ct. 59, 94 L.Ed. 485. That burden cannot be met simply by showing that the applicant will be able to obtain traffic if the authority is granted. Rather, it was incumbent upon plaintiff to establish, by a preponderance of the evidence, that the unrestricted household goods service that it seeks to render is in fact needed by the shipping public. And a basic factor in that proof is a demonstration of the extent to which the needs of the shipping public cannot adequately be met by existing service already available. Braswell Motor Freight Lines v. United States, 275 F.Supp. 98, 102–103 (W.D.Tex.1967), affirmed 389 U.S. 569, 88 S.Ct. 692, 19 L.Ed.2d 779; W. T. Mayfield Sons Trucking Co. v. United States, 211 F.Supp. 619, 627 (N.D.Ga.1962); Watkins Motor Lines, Inc. v. United States, 243 F.Supp. 436 (D.Neb.); and Colorado-Arizona-California Express, Inc. v. United States, 224 F.Supp. 894 (D.Colo.1963). This burden of proof is no different in the case of an applicant seeking household goods authority than in the case of one seeking authority to perform any other type of motor carrier operation.

■ Plaintiff also complains that the Commission has failed to follow prior precedent in that its holding in this case is inconsistent with other holdings of the Commission, and cites a number of cases wherein the Commission granted substantial authority to other applicants, without restriction such as that herein. The same contention was made in Alabama Highway Express, Inc., et al. v. United States of America, et al. (N.D. Ala.So.Div.1965) 241 F.Supp. 290, af-

firmed per curiam, 382 U.S. 106, 86 S. Ct. 255, 15 L.Ed.2d 190, where the Court held:

"It is neither the duty nor the right of this court '* * * to inquire into the soundness of the Commission's reasoning, the wisdom of its decisions, *or the consistency of its conclusion with those reached in similar cases.'* (Italics added), Georgia Public Service Commission v. United States, 283 U.S. 765, 775, 51 S.Ct. 619, 623, 75 L.Ed. 1397 (1931)."

Again in Yale Transport Corporation v. United States of America, et al. (S.D. N.Y.1962) 210 F.Supp. 862, aff'd per curiam, 373 U.S. 540, 83 S.Ct. 1537, 10 L.Ed.2d 687, the Court held as follows:

"The fact that a new decision of an administrative tribunal departs from the rule of an earlier one does not require corrective action by a reviewing court. Georgia Public Service Comm. v. United States, 283 U.S. 765, 775, 51 S.Ct. 619, 75 L.Ed. 1397; A B C Freight Forwarding Corporation v. United States, D.C.S.D.N.Y., 169 F. Supp. 403, 405. We must decide whether the Commission correctly applied the laws, not whether it followed its own precedents."

■ Plaintiff further contends that the Commission's Order of September 10, 1970 violates the Administrative Procedure Act, 5 U.S.C. Sec. 557, because "the Commission failed and neglected to set forth its rulings on each conclusion and exception submitted by Towne for consideration". In its Order the Commission denied the petition as follows:

"* * * for the reason that the findings of Division 1, Acting as an Appellate Division, *in its order of February 24, 1970* are in accordance with the evidence and applicable law." (Emphasis added)

As noted, plaintiff's petition for reconsideration to the Commission levelled no attack whatever on the adequacy or

sufficiency of the findings made in, and adopted in, the Commission's order of February 24, 1970 to sustain the Commission's then tentative decision to deny. Rather, plaintiff argued only (Applicant's Petition for Reconsideration, p. 3, passim) that the underlying premises (findings) relied on by Division 1 were "contrary to the evidence of record".

Thus, since this reviewing Court's function "is no more extensive than that of the Commission"[3] plaintiff has not properly presented for review any issue as to the adequacy of the basic and ultimate findings in the order dated February 24, 1970, or of the evidentiary findings therein adopted from the examiner's report. Such "adequacy of findings" issue was not fairly raised, presented and preserved at the time appropriate under the Commission's practice. United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952).

Thus, the only "findings" issue actually before the Court is that stated in paragraph "Sixth" of the complaint, namely, whether the Commission was required by the Administrative Procedure Act to re-incorporate into its final order dated September 10, 1970, the findings made and those adopted by reference in the Commission's tentative decision dated February 24, 1970. It has been long since established that the law requires no such redundancy. T.S.C. Motor Freight Lines, Inc. v. United States, 186 F.Supp. 777, 787 (S.D.Tex. 1960), aff'd. Herrin Transportation Co. v. United States, sub nom, 366 U.S. 419, 81 S.Ct. 1356, 6 L.Ed.2d 387 (1961); Younger Brothers, Inc. v. United States, 238 F.Supp. 859 (S.D.Tex.1965); North American Van Lines, Inc. v. United States, 217 F.Supp. 837 (N.D.Ind.1963).

Similarly, this Court, on numerous occasions has likewise noted these limitations which Congress has imposed upon its review of Interstate Commerce Commission Orders by enacting section 10(e) of the Administrative Procedure Act, 5 U.S.C., Sec. 706. See, e. g., Braswell Motor Freight Lines, Inc. v. United States, 275 F.Supp. 98, 102 (W.D.Tex. 1967), aff'd per curiam 389 U.S. 569, 88 S.Ct. 692, 19 L.Ed.2d 779 (1968); Braswell Motor Freight Lines, Inc. v. United States, 271 F.Supp. 906, 911–912 (W.D.Tex.1967); Alamo Express, Inc. v. United States, 239 F.Supp. 694, 697 (W. D.Tex.1965), aff'd. per curiam 382 U.S. 19, 86 S.Ct. 83, 15 L.Ed.2d 14 (1965).

■ The fact that the Commission did not affirm the findings of the Hearing Examiner is of no importance since, under the Administrative Procedure Act, 5 U.S.C., Sec. 557(b), and the Interstate Commerce Act, 49 U.S.C., Sec. 17 (5), the Commission and not an Examiner or Employee Board has the duty to render the final decision on the basis of the evidence of record. See the following cases in addition to those cited above: Morgan Drive-away, Inc. v. United States, 268 F.Supp. 886, 887–888 (N.D.Ind.1967); U.S.A.C. Transport, Inc. v. United States, 235 F.Supp. 689, 693 (D.Del.1964), aff'd. per curiam, 380 U.S. 450, 85 S.Ct. 1103, 14 L.Ed.2d 151 (1965).

The decision is amply supported by substantial evidence ("enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury") and the action of the Commission is in all things affirmed and all relief sought by the plaintiff is denied.

---

3. Walker v. United States, 208 F.Supp. 388, 396 (W.D.Tex.1962) aff'd., 372 U.S. 526, 83 S.Ct. 887, 9 L.Ed.2d 965 (1963).