LEAVITTS FREIGHT SERVICE, INC., Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

Mitchell Bros. Truck Lines and Leatham Brothers, Inc., Intervening Defendants.

Civ. No. 74–652.

United States District Court, D. Oregon.

Dec. 24, 1975.

---

1. 378 F.Supp. 605 (N.D.Cal.1974); 403 F.Supp. 486 (N.D.Cal.1975).

Jurisdiction over this claim is based upon the Interstate Commerce Act, particularly 49 U.S.C. §§ 17(9) and 305(g). Three judge court jurisdiction is required by 28 U.S.C. § 2325.

The scope of this court's review is limited; it cannot modify or set aside the Commission's orders if they are within the scope of the Commission's authority, are not completely unreasonable, and are based on findings supported by substantial evidence in the record. *United States v. Pierce Auto Freight Lines*, 327 U.S. 515, 535–36, 66 S.Ct. 687, 90 L.Ed. 821 (1946).

In this respect, this case resembles *Consolidated Carriers Corp. v. United States*, 321 F.Supp. 1098 (S.D.N.Y. 1970). In *Consolidated Carriers*, a federal district court held that the ICC could reach a finding of unfitness from evidence of an applicant's past violations of ICC rules and regulations. In the Court's words, the case was "peculiarly one for the expertise and experience of the administrative agency." 321 F.Supp. at 1100.

David C. White, Portland, Or., for plaintiff.

Jack Collins, Asst. U. S. Atty., Portland, Or., for defendant U. S.

Lloyd John Osborn, I. C. C., Washington, D. C., for defendant I. C. C.

Clemens E. Ady, Portland, Or., for intervening defendants.

Before GOODWIN, Circuit Judge, and BURNS and EAST, District Judges.

## OPINION

PER CURIAM:

Leavitts Freight Service, Inc., filed this suit to enjoin the enforcement of, set aside, and annul an Interstate Commerce Commission order denying Leavitts' permanent authority to transport certain lumber products. The Commission based its denial on Leavitts' lack of fitness, as authorized by 49 U.S.C. §§ 307(a) and 309(b) and as demonstrated by Leavitts' previous violations of ICC rules and regulations, all of which were stipulated.

It is not for this court to weigh the evidence which the Commission considered or to substitute its own judgment, as if it were the court of the first instance. Finding that there is substantial evidence of Leavitts' unfitness to support the Commission's finding, and finding nothing to suggest that the Commission abused its discretion in refusing to reopen Leavitts' application, we conclude that the Commission properly denied plaintiff's request for authority. The complaint of the plaintiff should be dismissed and judgment rendered herein for the defendants.